595 A.2d 638

**The LIEBERMAN ORGANIZATION, d/b/a Adult Congregate Housing Group, Inc., U.R. Choyce, Inc., t/a Edgewood Home, Inc., Oak Lane Home, Inc., Westmont Retirement Home, Inc., BJE, Inc., Walnut Street Homes, Inc., Glenwood Boarding Home, Inc., Miller Home, Inc., Charles Bussey, Clara Johnson, Sheila Jeter and Holly Chandler, Appellants,**

v.

**CITY OF PHILADELPHIA and Office of Services to the Homeless and Adults, Appellees.**

Commonwealth Court of Pennsylvania.

Argued Dec. 12, 1989.

Decided Feb. 7, 1990.

Designated as Opinion and
Publication Ordered
Aug. 6, 1991.

James J. Greenfield, for appellants.

Guy P. Vilim, for appellees.

Before CRUMLISH, Jr., President Judge, McGINLEY, J., and NARICK, Senior Judge.

McGINLEY, Judge.

The Lieberman Organization, doing business as Adult Congregate Housing Group, Inc., which operates seven shelters for the homeless within the City of Philadelphia

(City), and providing shelter services in the City through seven other separate corporate entities (collectively, Lieberman) appeal from an order of the Court of Common Pleas of Philadelphia County (common pleas court) which denied Lieberman's request for a preliminary injunction seeking to compel the City and its Office of Services for the Homeless and Adults (OSHA) to maintain all fiscal year 1989 homeless service contracts for fiscal year 1990.

For approximately ten years before July 1989, the City had contracted with Lieberman for the provision of services to the homeless. In January 1987, the Mayor's Task Force on Homelessness established the Shelter Standards Committee (Committee) which was charged with the duty of promulgating new standards for the delivery of shelter and other temporary residential services. The Committee promulgated new shelter standards which were adopted by both the City and OSHA and made effective on July 1, 1988. The new standards were incorporated into all homeless service contracts beginning with the City's fiscal year for 1989.

During fiscal year 1989, several providers sought exemptions from the shelter standards. Thirteen of these providers received exemptions. However, the City refused to grant any exemptions from the shelter standards for fiscal year 1990. Lieberman was not awarded any contracts for fiscal year 1990.

On June 30, 1989, Lieberman filed a complaint in the common pleas court accompanied by a motion for temporary restraining order and preliminary injunction. Lieberman requested a writ of mandamus and permanent injunctive relief seeking to maintain all fiscal year 1989 homeless contracts and to enjoin implementation of all fiscal year 1990 contracts. Also, on June 30, 1989, the parties met at an emergency conference before the common pleas court and entered into a temporary agreement wherein Lieberman's contracts were continued for another fourteen days until a full hearing could be held. On July 11, 1989, the common pleas court conducted a preliminary injunction

hearing. At the conclusion of the hearing, the court ordered the continuation of the temporary agreement pending final decision. On July 20, 1989, the common pleas court denied Lieberman's request for a preliminary injunction holding that the City and OSHA need not submit homeless service contracts to competitive bidding. In reaching its decision, the common pleas court determined that the homeless services fit within the professional services exception to the competitive bidding requirement under section 8–200(1) of the City's Home Rule Charter (Charter). Lieberman appeals.

On appeal, Lieberman contends that the common pleas court erred in determining that the services provided by the City to the homeless constitute professional services under section 8–200(1) of the Charter thereby exempting these services from competitive bidding requirements. Lieberman also contends that the common pleas court erred in denying its request for a preliminary injunction because, since Lieberman has raised a substantial legal question regarding the City's obligation to solicit competitive bids before awarding homeless service contracts for fiscal year 1990, Lieberman has demonstrated a clear right to relief.

■ Our scope of review of a common pleas court's order either granting or refusing a preliminary injunction is narrow. We do not inquire into the merits of the controversy but merely examine the record to determine whether there were any apparently reasonable grounds which justify the court's action. Only if it is plain that no grounds exist to support the decree or that the rule of law relied upon was palpably erroneous or misapplied will we interfere with the decision. *Pennsylvania Interscholastic Athletic Association v. Geisinger*, 81 Pa.Commonwealth Ct. 421, 426, 474 A.2d 62, 65 (1984).

In *Americus Centre v. City of Allentown*, 112 Pa.Commonwealth Ct. 308, 535 A.2d 1200 (1988), we recently reiterated our holding in *T.W. Phillips Gas and Oil Co. v. Peoples Natural Gas Co.*, 89 Pa.Commonwealth Ct. 377, 492 A.2d 776 (1985), that a preliminary injunction may only be granted where:

(1) The relief is necessary to prevent immediate and irreparable harm which cannot be compensated by damages;

(2) greater injury will occur from refusing the injunction than from granting it;

(3) the injunction will restore the parties to the status quo as it existed immediately before the alleged wrongful conduct;

(4) the alleged wrong is manifest, and the injunction is reasonably suited to abate it; and

(5) the plaintiff's right to relief is clear.

*Americus Centre*, 112 Pa.Commonwealth Ct. at 314, 535 A.2d at 1203.

In *Americus Centre*, we noted that in order to demonstrate a clear right to relief, the party seeking a preliminary injunction need not demonstrate an absolute right to relief. If the party has met the other requirements for a preliminary injunction and the underlying cause of action raises important legal questions, the right to relief is clear. *Americus Centre*, 112 Pa.Commonwealth Ct. at 318–319, 535 A.2d at 1205.

■ However, in the instant case, we must conclude that the common pleas court had apparent reasonable grounds to hold that Lieberman failed to meet the requirements for a preliminary injunction as established in *T.W. Phillips*. We find no error in the common pleas court's determination that the City's homeless service contracts constitute a form of professional services therefore exempting it from the competitive bidding requirements of section 8–200(1) of the Charter which provides:

Except in the purchase of unique articles or articles which for any other reason cannot be obtained on the open market, competitive bids shall be secured before any purchase, by contract or otherwise, is made or before any contract is awarded for construction, alteration, repairs or maintenance or for rendering any services to the City other than professional services and the purchase shall be

made from or the contract shall be awarded to the lowest responsible bidder.

Lieberman contends that the professional services exemption in the Charter must be limited to contracts involving people with specialized skills, advanced training or special knowledge or expertise.

Lieberman's contention is erroneous. In *Doverspike v. Black*, 126 Pa.Commonwealth Ct. 1, 535 A.2d 1217 (1988), *affirmed per curiam*, 126 Pa.Commonwealth Ct. 11, 541 A.2d 1191 (1988), this Court, per Judge MacPhail, noted that, in order to qualify for a professional services exemption to competitive bidding, an individual need not possess state certification, licensure or have a baccalaureate degree. *Doverspike*, 535 A.2d at 1219. We believe the facts in the instant case present a similar situation and find no error on the part of the common pleas court. Accordingly, we affirm.

## ORDER

AND NOW, this 7th day of February, 1990, the order of the Court of Common Pleas of Philadelphia County denying Lieberman's motion for a preliminary injunction is affirmed.