439 A.2d 1172

**Joanne FISCHER, et al., Appellees,**

v.

**DEPARTMENT OF PUBLIC WELFARE, et al., Appellants.**

Supreme Court of Pennsylvania.

Argued Oct. 19, 1981.

Decided Jan. 29, 1982.

Andrew S. Gordon, Allen C. Warshaw, Deputy Attys. Gen., LeRoy S. Zimmerman, Atty. Gen., for appellants.

Seth F. Kreimer, Philadelphia, for appellees.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY, KAUFFMAN and WILKINSON, JJ.

## OPINION

NIX, Justice.

In this appeal we are being called upon to determine the propriety of a Commonwealth Court order (per MacPhail, J.)

granting a preliminary injunction pending a resolution of the substantive issues presented to that court. The effect of the preliminary injunction is to preclude the implementation of Act 239 [1] until the constitutional challenges that have been raised are considered and resolved by the Commonwealth Court. For the reasons that follow we find that the order was properly entered and should not be disturbed at this time.

A petition for review was filed in the Commonwealth Court seeking declaratory and injunctive relief halting the implementation of Act 239. Act 239 provides, *inter alia*, that no public assistance funds will be expended to pay for abortions unless a full-term pregnancy would endanger the woman's life or the pregnancy was a result of rape or incest which was promptly reported to law enforcement or health authorities. It is contended that the constraints of this legislation deprived medically necessary care to the indigent. Preliminary objections were filed in the nature of a demurrer by the Department of Public Welfare, et al. (appellants herein). Thereafter, petitioners (appellees in this appeal) filed for a preliminary injunction which was granted on August 10, 1981.

In granting the preliminary injunction, Judge MacPhail concluded that a refusal of the injunction would have endan-

1. Since it is the public policy of the Commonwealth to favor childbirth over abortion, no Commonwealth funds and no Federal funds which are appropriated by the Commonwealth shall be expended by any State or local government agency for the performance of abortion: Provided, That nothing in this act shall be construed to deny the use of funds where a physician has certified in writing that the life of the mother would be endangered if the fetus were carried to full term or except for such medical procedures necessary for the victims of rape or incest when such rape or incest has been reported promptly to a law enforcement agency or public health service. Nothing contained in this section shall be interpreted to restrict or limit in any way, appropriations made by the Commonwealth or a local governmental agency to hospitals for their maintenance and operation, or, for reimbursement to hospitals for services rendered which are not for the performance of abortions.
1980, Dec. 19, P.L. 1321, No. 239, § 1; 62 P.S. § 453 (1981–82 Supp.)

gered the health of indigent women who required medically necessary abortions, that the harm would be irreparable, and that "prospects of securing a permanent injunction must be carefully weighed against the merit of maintaining the status quo until the fundamental constitutional issues can be resolved by a full complement of . . . [the Commonwealth Court] . . ." [R 120a] Appellants counter by urging that the constitutional objections will not prevail and the legislative process should not have been interrupted.

■ In determining the propriety of the entry of an order granting a preliminary injunction,[2] the question is whether there were any apparently reasonable grounds in the record to justify its issuance. *Valley Forge Historical Society v. Washington Memorial Chapel*, 493 Pa. 491, 426 A.2d 1123 (1981); *New Castle Orthopedic Assoc. v. Burns*, 481 Pa. 460, 392 A.2d 1383 (1978). A recognized purpose sought to be achieved by the issuance of a preliminary injunction is the avoidance of irreparable injury or gross injustice until the legality of the challenged action can be determined. *Wilkes Barre Independent Co. v. Newspaper Guild*, 455 Pa. 287, 314 A.2d 251 (1974); *Sameric Corp. of Market Street v. Goss*, 448 Pa. 497, 295 A.2d 277 (1972); *Slott v. Plastic Fabricators, Inc.*, 402 Pa. 433, 167 A.2d 306 (1961). In this case the allegation that some of the appellees[3] were being denied a medically necessary procedure which endangered their health supplied the irreparable harm requirement for the issuance of a preliminary injunction.[4] There is also no

**2.** The authority for an appeal from the grant of a preliminary injunction may be found Pa.R.A.P. 311(a)(4).

**3.** There are four classes of appellees represented here. One appellee is before us as a taxpayer; several claim to be pregnant indigent women who will be denied medical assistance under the terms of Act 239; one is a minister who contends that Act 239 offends the religious freedom and/or options of his followers; and the fourth group consists of providers of abortion services and counsellors to women.

**4.** Appellee Hughes alleged that she was eight weeks pregnant at the filing of the petition, that she had suffered serious medical complications during each of her three prior pregnancies and that it was to be anticipated that these problems would recur if the present pregnancy

question that the injunction did no more than to restore the status quo as it existed before the challenged act. *Valley Forge Historical Society v. Washington Memorial Chapel, supra,* 493 Pa. at 501, 426 A.2d at 1129.

■ The crux of the controversy here is whether the constitutional challenges to Act 239 are of sufficient substance to warrant the issuance of the preliminary injunction. We have stated in many of our decisions that the movant must demonstrate a clear right to relief. *Mazzie v. Commonwealth,* 495 Pa. 128, 432 A.2d 985 (1981); *Valley Forge Historical Society v. Washington Memorial Chapel, supra; Twp. of South Fayette v. Commonwealth,* 477 Pa. 574, 385 A.2d 344 (1978); *Sameric Corp. of Market Street v. Goss, supra; Keystone Guild, Inc. v. Pappas,* 399 Pa. 46, 159 A.2d 681 (1960); *Herman v. Dixon,* 393 Pa. 33, 141 A.2d 576 (1958). However, since a preliminary injunction is designed to preserve the status quo pending final resolution of the underlying issues, it is obvious that the "clear right" requirement is not intended to mandate that one seeking a preliminary injunction establish his or her claim absolutely. *Valley Forge Historical Society v. Washington Memorial Chapel, supra.* Where the threat of immediate and irreparable harm to the petitioning party is evident, that the injunction does no more than restore the status quo and the greater injury would result by refusing the requested injunction than granting it, an injunction may properly be granted where substantial legal questions must be resolved to determine the rights of the respective parties. *Valley Forge Historical Society v. Washington Memorial Chapel, supra.*

were not terminated. Appellee Jane Doe suffers from a heart murmur and any kind of infection presents a severe risk to her health and that pregnancy would dramatically increase the risk of infections and cardiac complications. Appellee Helen Hoe, a mother of four children experienced severe post partum hemorrhaging after two previous deliveries and such a condition was likely to recur if this pregnancy was allowed to continue. Appellee Susan Roe suffers from cancer of the uterus. She has been advised that pregnancy and childbirth would aggravate her condition.

■ Appellant advances in support of dissolution of the injunction that *Harris v. McRae*, 448 U.S. 297, 100 S.Ct. 2671, 65 L.Ed.2d 784 (1980) and *Maher v. Roe*, 432 U.S. 464, 97 S.Ct. 2376, 53 L.Ed.2d 484 (1977) would suggest that a federal claim of· violation of equal protection would be meritless. However, instant appellees raise the question as to whether Act 239 violates the free exercise of religion clause of the First Amendment of the Federal Constitution. Even of greater significance are the claims that state constitutional guarantees justify the relief sought. Without prejudging the questions raised,[5] it is noted that at least two of our sister states have deemed it appropriate to find legislation similar to Act 239 offensive under their state constitutions.[6] These contentions raise important questions that are deserving of serious consideration and resolution. In view of the seriousness of the questions to be decided and the real threat of immediate and irreparable harm to the appellees, there was; without question, reasonable grounds for the entry of the preliminary injunction preserving the status quo until the Commonwealth Court decided the merits of the issues raised.

Order of the Commonwealth Court affirmed.

KAUFFMAN and WILKINSON, JJ., did not participate in the decision of this case.

**5.** We decline to accept the invitation of the *amicus* to make a final resolution at this time of the state constitutional questions.

**6.** *See e.g. Committee to Defend Reproductive Rights v. Meyers*, 29 Cal.3d 252, 625 P.2d 779 (1981); *Moe v. Sec. of Admin. and Finance*, —— Mass. ——, 417 N.E.2d 387 (1981).