454 A.2d 1042

**Thomas S. CHRISTO and Blanche Greenberger**

v.

**TUSCANY INC., a Corporation, Brittany Inc., a Corporation, Phoebe M. Rennekamp, William A. Rennekamp, Antoinette S. Tchirkow and Antoinette B. Tchirkow, Executrix of the Estate of Edgar G. Tchirkow, Deceased,**

**Appeal of TUSCANY INC., Brittany Inc., and Antoinette B. Tchirkow.**

Superior Court of Pennsylvania.

Argued Nov. 12, 1980.

Filed Nov. 30, 1982.

Reargument Denied Feb. 11, 1983.

Petition for Allowance of Appeal Denied May 16, 1983.

Maurice A. Nernberg, Jr., Pittsburgh, for appellants.
James W. Daub, Pittsburgh, for appellees.

Before HESTER, BROSKY and VAN der VOORT, JJ.

VAN der VOORT, Judge:

On October 18, 1976, plaintiffs Thomas S. Christo and Blanche Greenberger filed a Complaint in Equity and Petition for Preliminary Injunction against the defendants. Preliminary objections in the nature of a demurrer were filed on behalf of defendants Tuscany Inc., Brittany Inc., Antoinette B. Tchirkow, and Antoinette B. Tchirkow, Executrix of the Estate of Edgar G. Tchirkow, Deceased, on either November 4, 1976 (according to the docket entry appearance sheet) or November 5, 1976 (according to the stamp on the pleading). On December 3, 1976, the defendants were ordered by the lower court to deposit $80,000 in an interest-bearing account as security. On February 23, 1979, the preliminary objections were denied, and on March 19, 1979, an answer, containing new matter and a counterclaim, was filed. A Motion to Dissolve Injunction or Require Bond was presented to the lower court, evidently on March 27, 1979.[1] The motion was denied by order dated April 2, 1979. On April 23, 1979, well within thirty days of the date of the order being appealed from, as required by

---

1. The original motion was apparently never filed, as it does not appear in the official record. A copy of the motion is contained in appellants' brief and reproduced record. Since no party has objected to the absence of the original motion, and since the lower court issued an order denying the motion, we will treat it as having been properly filed.

Pa.R.A.P. 903(a), defendants Tuscany Inc., Brittany Inc., and Antoinette B. Tchirkow filed a notice of appeal. Appellants argue on appeal that the lower court erred in dismissing their motion to dissolve injunction or require bond.

 Before proceeding to the merits of appellants' argument, we must consider whether the order of April 2, 1979 is appealable. On April 22, 1979, section (a)(4) of Pa.R.A.P. 311 took effect, providing for the appealability of an order granting, continuing, modifying, refusing, or dissolving an injunction, or refusing to dissolve or modify an injunction. Appellees argue that since section (a)(4) took effect after the date of the order being appealed from, the order is not appealable. We disagree. The Supreme Court order of November 30, 1978, published in the December 23, 1978 issue of the Pennsylvania Bulletin, specifically provided for section (a)(4) to take effect 120 days after publication, or on April 22, 1979. A rule of court which relates only to procedure and does not affect substantive rights of the parties is applicable to future procedure in pending litigation. *Laukhuff's Estate,* 39 Pa.Superior Ct. 117, 119 (1909). As evidence of the Supreme Court's intent[2] with respect to the effect of new rules or amendments on pending litigation, we note that section (c) of Pa.R.C.P. No. 52, effective July 1, 1982, provides: "Unless the Supreme Court specifies otherwise, a rule or an amendment to a rule shall apply to actions pending on the effective date." This recent amendment to Rule 52 would seem to be a restatement of a long-standing legal principle. Since in the case before us the order became appealable within the time prescribed for taking the appeal, and since the appeal was filed within thirty days of the order appealed from, the matter is properly before us.

**2.** Pa.R.C.P. No. 127 provides: "(a) The object of all interpretation and construction of rules is to ascertain and effectuate the intention of the Supreme Court .... (c) When the words of a rule are not explicit, the intention of the Supreme Court may be ascertained by considering, among other matters ... (5) the prior practice, if any ...."

■ We turn now to the merits of the appeal. Pa.R.C.P. No. 1531(b) provides that a preliminary or special injunction shall be granted only if the plaintiff files a bond conditioned that if the injunction is dissolved because improperly granted, the plaintiff shall pay to any injured person the damages sustained by reason of granting the injunction. This rule was in effect at the time the proceedings took place in the lower court. We find that the lower court erred in failing to follow the rule. Accordingly, we vacate the lower court's order of April 2, 1979, and remand for compliance by the lower court and the plaintiffs with Pa.R.C.P. No. 1531(b). We do not retain jurisdiction.[3]

Remanded with instructions.

---

**3.** It should be noted that the parties and the lower court were not prevented by Pa.R.A.P. 1701(a) from proceeding with the case while the appeal was before our court. Pa.R.A.P. 311(e) provides that Rule 1701(a) does not apply to a matter in which an interlocutory order has been appealed under 311(a)(4).