Pennsylvania Interscholastic Athletic Association, Inc., Appellant *v.* Glen R. Geisinger and Anthony R. Orlando, Appellees.

Argued February 1, 1984, before Judges ROGERS, PALLADINO and BARBIERI, sitting as a panel of three.

*William M. Young, Jr.*, with him *Rod J. Pera, Mcnees, Wallace & Nurick*, for appellant.

No appearance for appellees.

OPINION BY JUDGE ROGERS, April 9, 1984:

The Pennsylvania Interscholastic Athletic Association (PIAA) has appealed from an order of the Court of Common Pleas of Luzerne County granting a preliminary injunction enjoining it from prohibiting the appellees, Glen R. Geisinger and Anthony R. Orlando,

from participation in interscholastic athletics during their senior years in high school.[1]

The injunctive relief sought by Geisinger and Orlando was that PIAA be restrained from enforcing the following provisions of Article VII of its by-laws.

Section 1. Period of Participation.

A pupil shall not represent his school in interscholastic athletics if he has:

A. Been in attendance more than 8 semesters beyond the 8th grade; except in cases of long-confining illness or injury which necessitates repeating a grade, the District Committee may, after thorough investigation, request the Board of Control, in which such authority rests, to waive the 8 semester limitation, providing all other eligibility requirements are met.

. . . .

Section 7. Waiver of 8-Semester Rule.

A. The Board of Control, following a thorough investigation by a written request of, the District Committee, may waive the 8-semester limit in cases of long-confining illness or injury which necessitates repeating a grade.

B. A principal of a PIAA member school may, by written petition to the District Committee, request that additional semesters be granted to a student who is repeating a grade or a semester, except where such repetition is in whole or in part for reasons of scholarship.

"Scholarship" shall include, but not necessarily be limited to, repetition for the purpose

---

[1] PIAA in fact does not prohibit the student from participating in sports; it suspends from membership schools which permit the ineligible student to participate and declares contests in which the student participates forfeit.

of correcting or alleviating problems, deficiencies, or weaknesses in the student's academic performance, and shall not be limited to cases of academic failure.

Article VII, Section 1-G of PIAA's constitution provides for a Board of Appeal consisting of five members of the Board of Control to be convened to hear appeals from the decisions of District Committees.

Each of the appellees had repeated a year consisting of two semesters and had been in attendance eight semesters beyond the eighth grade before commencing his senior year. Their principal, Thomas Feeney, petitioned the District Committee pursuant to Article VII, Section 7-B of PIAA's by-laws to grant additional semesters to the appellees on the ground that their repetition of two semesters was caused by long-confining illness, mentioned as an exception to the general rule in Section 1-A. Mr. Feeney reported in his petition that Geisinger had "contracted infectious mononucleosis in September of 1979 and had it until December of 1979 [and that] [b]ecause of missing a lot of time as a result of the illness his parents request that Wyoming Valley West not promote Glen" to the tenth grade, and that Orlando "had previously failed 10th grade at Wyoming Valley West and was under therapy for school refusal and other problems . . . [and] [t]he psychologist felt that if Tony were allowed to participate it would help his rehabilitation." Also included with the request form were high school transcripts showing that Geisinger had been absent from school thirty-seven days during the year which he repeated assertedly with mononucleosis and that Orlando had missed thirty-four days during the year which he was under psychological therapy.

After a hearing, the District Committee voted not to recommend to the Board of Control that additional

semesters be granted to either appellee. The appellees appealed the District Committee's action to a Board of Appeal which concluded that the boys' repetitions were "in whole or in part for reasons of scholarship under Article VII, Section 7-B of the PIAA By-laws" and refused to waive the eight semester rule. At neither of the hearings was information from the doctors who treated the appellees sought or received, although the by-laws, Sections 1-A and 7-B of Article VII, provide that the District Committee should make a "thorough investigation."

The appellees then sought the preliminary injunction which is at issue. The chancellor heard the testimony of the school principal, the Executive Director of the PIAA, the Chairman of the PIAA District Committee, and the appellees. The appellees testified that they had been ill during the year they repeated and that their illnesses were the reason that they were unable to attend school, as their principal had reported. Written statements from their doctors received in evidence on which the doctors reported that their patients had in fact been ill and received treatment during the year in question. PIAA adduced no evidence that the boys had not been ill or that their absences were for reasons other than illness; its case considered of argument that the chancellor should infer that the missed semesters were due to deficient scholarship because the appellees were absent from school both before and after their illness and because they received poor grades in some courses. The chancellor refused to make the inference suggested by PIAA and granted the preliminary injunction.

A preliminary injunction is properly granted if it is necessary to prevent immediate and irreparable harm which could not be compensated by damages, greater injury would result from refusing it than by

granting it, and it will restore the parties to the status quo existing prior to the defendant's alleged wrongful conduct. In addition, the plaintiff's right to a preliminary injunction should be clear. *Singzon v. Department of Public Welfare,* 496 Pa. 8, 436 A.2d 125 (1981); *Valley Center, Inc. v. Parkhouse,* 62 Pa. Commonwealth Ct. 453, 437 A.2d 74 (1981). However, since a preliminary injunction is designed to preserve the status quo until the legality of the challenged action can be determined on the merits, one seeking a preliminary injunction is not required to establish his or her claim absolutely. *Fischer v. Department of Public Welfare,* 497 Pa. 267, 439 A.2d 1172 (1982).

Our scope of review of orders granting or refusing preliminary injunctions is narrow. We do not inquire into the merits of the controversy; but examine the record only to determine if there were any apparently reasonable grounds to justify the chancellor's action. Only if it is plain that no grounds exist to support the decree or that the rule of law relied upon was palpably erroneous or misapplied will we interfere with the decision of the chancellor. *Mazzie v. Commonwealth,* 495 Pa. 128, 432 A.2d 985 (1981). We believe that the record of the hearing on the preliminary injunction, consisting, as we say, of lay and professional opinion of the appellees' illnesses and devoid of any evidentiary rebuttal, establishes reasonable grounds for the grant of the preliminary injunction. No explanation is provided why PIAA did not seek a hearing on the merits of the case and a final decree.

The PIAA constructs an argument on the case *Harrisburg School District v. Pennsylvania Interscholastic Athletic Association,* 453 Pa. 495, 503, 309 A.2d 353, 357 (1973) where the Pennsylvania Supreme Court wrote that: "the general rule with respect to

high school athletic associations . . . is one of judicial non-interference unless the action complained of is fraudulent, an invasion of property or pecuniary rights, or capricious or arbitrary discrimination." PIAA says that the appellees failed to demonstrate that the PIAA's action was fraudulent, invasive of property or pecuniary rights, or arbitrarily discriminatory. However, the injunction under review in *Harrisburg School District* was a final order entered after a hearing and decision on the merits, not a preliminary injunction.

The preliminary injunction here at issue was purposed to restore the status quo until a full examination of the merits, which certainly could have promptly followed if the parties, or either of them, willed.

PIAA also argues that the granting of the preliminary injunction harms it by impairing its ability to deter red-shirting, promote equal periods of eligibility, and provide the opportunity for a greater number of students to participate in interscholastic athletics. We cannot say that the chancellor erred in deciding that this alleged harm did not outweigh the injury to the appellees by the deprivation of their opportunity to participate fully in the school's athletic program.

Finally, the chancellor expressly recognized the substantial legal question for decision when the merits should be reached of whether a thorough investigation of the medical aspects of the case had been conducted by the District Committee as the by-laws provided.

Order affirmed.

ORDER

AND Now, this 9th day of April, 1984, the order of the Court of Common Pleas of Luzerne County dated September 7, 1982 is hereby affirmed.

Judge BARBIERI concurs in the result only.