581 A.2d 592

**Frank G. CHMURA and Eleni P. Chmura, t/d/b/a The Embroidery Works, Appellees,**

v.

**Sherry DEEGAN, an Individual, Appellant.**

Superior Court of Pennsylvania.

Argued June 20, 1990.

Filed Oct. 9, 1990.

534

Richard J. Schubert, Pittsburgh, for appellant.

George Basara, Pittsburgh, for appellees.

Before CIRILLO, President Judge, and OLSZEWSKI and TAMILIA, JJ.

OLSZEWSKI, Judge:

Sherry Deegan appeals the trial court's order preliminarily enjoining her from using, copying, disclosing, or otherwise deriving benefit from various computerized embroidery patterns developed by the Chmuras. Deegan asserts that the trial court erred in finding that the computer discs constituted trade secrets, in finding that the Chmuras had the exclusive right to use and enjoy the designs, and in finding that the trade secrets were disclosed while Deegan was an employee of the Chmuras. We find that these issues are beyond the scope of appellate review; accordingly, we affirm the trial court's order.

Frank and Eleni Chmura own and operate The Embroidery Works, a company that creates computer embroidery designs and embroiders those designs on hats, shirts, and other soft goods. Sherry Deegan worked for the Chmuras for three years, operating the computerized embroidery machine. Deegan did not have the artistic or technical knowledge necessary to create the computer designs. In November 1988, Deegan left The Embroidery Works and set up her own shop in competition with The Embroidery Works.

At some time, Deegan obtained copies of the Chmuras' computer disks and began using the Chmuras' designs in her business. The Chmuras noticed products made with their programs in the marketplace and brought this action alleging theft of trade secrets, unfair competition, and unjust enrichment. They also requested a preliminary injunction to prevent Deegan from using their computer

patterns. The trial court granted the injunction. Deegan appeals.

When reviewing an order granting a preliminary injunction, we do not inquire into the merits of the underlying action. *Pennsylvania Interscholastic Athletic Assn. v. Geisinger*, 81 Pa.Cmwlth. 421, 426, 474 A.2d 62, 65 (1984). We may examine the record only to determine whether the trial court had reasonable grounds for its order. *Id.* Our scope of review is particularly limited where, as here, the injunction is merely prohibitive rather than mandatory. *Mazzie v. Commonwealth*, 495 Pa. 128, 133, 432 A.2d 985, 988 (1981). We may reverse only if there are no grounds to support the decree or if the rule of law was palpably erroneous or misapplied. *Roberts v. Board of Directors of School District of Scranton*, 462 Pa. 464, 469, 341 A.2d 475, 478 (1975).

Deegan does not allege that there are no grounds to support the decree, nor does she allege that the rule of law was palpably erroneous or misapplied. Her arguments on appeal relate solely to the merits of the underlying action, a matter beyond the scope of review.

At best, we can view Deegan's appeal as challenging the Chmuras' "clear right to relief," a necessary element for a preliminary injunction. *See, e.g., T.W. Phillips Gas v. Peoples Natural Gas*, 89 Pa.Cmwlth. 377, 384, 492 A.2d 776, 780 (1985). To establish a "clear right to relief," the party seeking an injunction need not prove the merits of the underlying claim, but need only show that substantial legal questions must be resolved to determine the rights of the respective parties. *Fischer v. Department of Public Welfare*, 497 Pa. 267, 271, 439 A.2d 1172, 1174 (1982). This case presents many substantial legal questions, including the question whether the computer designs in this case are entitled to protection as trade secrets. Consequently, we affirm the trial court's order.

Order affirmed.

Concurring opinion by CIRILLO, President Judge.

CIRILLO, President Judge, concurring.

I join in the result reached by the majority, however, I write separately to clarify this court's standard of review. When reviewing a trial court's decree which grants a preliminary injunction, an appellate court examines the record only to determine if there are any apparently reasonable grounds for the action of the court; we will not inquire further into the merits of the case or pass upon the reasons for or against such action unless it is plain that no such grounds existed or that the rules of law relied upon were palpably wrong or clearly inapplicable. *Valley Forge Historical Society v. Washington Memorial Chapel,* 493 Pa. 491, 426 A.2d 1123 (1981); *New Castle Orthopedic Assoc. v. Burns,* 481 Pa. 460, 392 A.2d 1383 (1978); *Intraworld Industries, Inc. v. Girard Trust Bank,* 461 Pa. 343, 354, 336 A.2d 316, 322 (1975); *Moore v. Mobil Oil Co.,* 331 Pa.Super. 241, 480 A.2d 1012 (1984). Thus, we need not scrutinize the trial court's legal analysis unless there are no apparent reasonable grounds for the grant of preliminary injunctive relief. *Air Products & Chemicals v. Johnson,* 296 Pa.Super. 405, 442 A.2d 1114 (1982).

Deegan argues on appeal that the trial court erred in determining that the Chmuras' computer discs constituted trade secrets, and that they were not entitled to injunctive relief because they did not establish that the discs met the legal definition of a trade secret as stated in the Restatement of Torts § 757 (1939), and adopted by this Commonwealth. *See Felmlee v. Lockett,* 466 Pa. 1, 351 A.2d 273 (1976). The majority states that Deegan's arguments relate solely to the merits of the underlying action and are therefore beyond our scope of review. Although this characterization of appellant's arguments is correct in this case, I am compelled to add that Deegan's misunderstanding of our standard of review was possibly prompted by cases which utilized the "closer scrutiny" level of our standard of review. *See, e.g., Tyson Metal Products, Inc. v. McCann,* 376 Pa.Super. 461, 546 A.2d 119 (1988); *Air Products and Chemicals, Inc. v. Johnson,* 296 Pa.Super. 405, 442 A.2d

1114 (1982). In both of these cases, this court's closer scrutiny was accomplished by engaging in a legal analysis of whether certain information constituted a trade secret.

In order to reach what I view as the second level of our standard of review, or "closer scrutiny," we must first reach the conclusion that there are no apparent reasonable grounds for the grant of the preliminary injunction. A court may grant a preliminary injunction where the moving party establishes (1) that relief is necessary to prevent immediate and irreparable harm, (2) that greater injury will occur from refusing the injunction than from granting it, (3) that the injunction will restore the parties to the status quo as it existed prior to the alleged wrongful conduct, (4) the alleged wrongful conduct is actionable and the injunction is reasonably suited to abate that conduct, and (5) the right to relief is clear. *Valley Forge, supra.*

"A recognized purpose sought to be achieved by the issuance of a preliminary injunction is the avoidance of irreparable injury or gross injustice until the legality of the challenged action can be determined." *Fischer v. Department of Public Welfare,* 497 Pa. 267, 270, 439 A.2d 1172, 1174 (1982). *See also Wilkes Barre Independent Co. v. Newspaper Guild,* 455 Pa. 287, 314 A.2d 251 (1974); *Sameric Corp. of Market St. v. Goss,* 448 Pa. 497, 295 A.2d 277 (1972); *Slott v. Plastic Fabricators, Inc.* 402 Pa. 433, 167 A.2d 306 (1961). Here, the Chmuras' allegation that Deegan was misappropriating trade secrets supplied the irreparable harm requirement for the issuance of the preliminary injunction. In addition, it is clear that greater injury would result by refusing the Chmuras' request for a preliminary injunction, than by granting it, and that the preliminary injunction does nothing more than restore the status quo as it existed prior to Deegan's challenged act. Moreover, the activity sought to be restrained, the misappropriation of trade secrets, is actionable and a preliminary injunction is reasonably suited to abate that activity. *Valley Forge,* 493 Pa. at 501, 426 A.2d at 1129.

538

With respect to the clear right to relief requirement, I agree with the majority that the core of this dispute is whether the allegation that the computer discs are trade secrets is of sufficient substance to warrant the grant of a preliminary injunction. *Fischer*, 497 Pa. at 271, 439 A.2d at 1174. In *Fischer*, our supreme court explained that although the party requesting a preliminary injunction must demonstrate a clear right to relief, the "clear right" requirement was "not intended to mandate that one seeking a preliminary injunction establish his or her claim absolutely." *Id.* In other words, where substantial legal questions must be resolved to determine the rights of the parties, the clear right to relief requirement has been satisfied. *Id.* The question remaining, whether the computer discs are trade secrets, is a substantial legal question which must be resolved in order to determine the rights of the respective parties, and therefore the Chmuras have met the clear right to relief requirement.

Unlike *Tyson, supra,* and *Air Products, supra,* since our first level of review allows us to conclude that the trial court's action was warranted, closer scrutiny of the court's action in this case is unnecessary. As such, any further inquiry into the trial court's analysis would transcend our scope of review.