**ALL–PAK, INC., A Pennsylvania Corporation, Appellant,**

v.

**Barry JOHNSTON, An Individual and Exakt Technologies, Inc., An Oklahoma Corporation, Appellees.**

**ALL–PAK, INC., A Pennsylvania Corporation, Appellee,**

v.

**Barry JOHNSTON, An Individual and Exakt Technologies, Inc., An Oklahoma Corporation, Appellants.**

Superior Court of Pennsylvania.

Argued Jan. 30, 1997.
Filed May 20, 1997.

Paul D. Burke, Pittsburgh, for All-Pak.

James R. Walker, Oakmont, for Johnston and Exakt.

Before TAMILIA, SAYLOR and SCHILLER, JJ.

SCHILLER, Judge.

In these cross-appeals, appellant All–Pak, Inc. [appellant at No. 1269 PGH 1996, appellee at No. 1343 PGH 1996] and appellees Barry Johnston and Exakt Technologies, Inc. [appellees at No. 1269 PGH 1996, appellants at No. 1343 PGH 1996] appeal the order entered by the Court of Common Pleas of Allegheny County denying appellant's petition for a preliminary injunction and appellees' motion for judgment on the pleadings. We affirm the appeal at No. 1269 PGH 1996 and quash the appeal at No. 1343 PGH 1996.

FACTS:

On December 28, 1987, Barry Johnston [Johnston] was hired by All–Pak, Inc. to be a marketing and sales representative. All–Pak, Inc. was a corporation owned by B. Kenneth Simon that was in the business of manufacturing and selling packaging material for various products. At the time he began his employment, Johnston entered into an employment contract with All–Pak, Inc. that contained the following nondisclosure and restrictive covenant provisions:

1. Should employment of said Employee be terminated for whatever reason, the Employee agrees not to engage or associate with another firm, individual or corporation in the packaging or container business or silkscreen decorating business for a period of two years within the trading area All–Pak now considers its prime market or the area intended to be developed in conjunction with the employment of the said Employee.

3. The said Employee, upon leaving the employment of the Company, further agrees not to take or disclose to any person any of the lists of prices, competitors, customers, supplier specifications, forms, memoranda, studies, drawings or any documents or papers or things used by him or the Company during his employment with the Company, and will respect the right of private information of the Company and will communicate the same to any competitors.

Exhibit A to Complaint.

On May 21, 1990, All–Pak, Inc. entered into an Asset Sale Agreement with an investment group operating under the name Total–Pak, Inc. Total–Pak, Inc. purchased all the assets of All–Pak, Inc., which included the company's name: thereafter Total–Pak, Inc. changed its name to All–Pak, Inc. Johnston continued working for the new All–Pak, Inc., until May 26, 1995, when his employment was terminated. On October 1, 1995, Johnston became employed with Exakt Technologies, Inc. [Exakt], a company also engaged in the business of producing and selling packaging material.

The new All–Pak, Inc. [hereinafter appellant][1] filed suit against Johnston and Exakt, seeking legal and equitable relief. At the same time, appellant filed a petition for a preliminary injunction, alleging that Johnston was in breach of the restrictive covenant contained in his employment agreement. Johnston and Exakt then filed a motion for judgment on the pleadings, pursuant to Pa. R.Civ.P. 1034. On June 10, 1996, the trial court denied appellant's petition for a preliminary injunction as well as the motion for

---

1. We have labelled All–Pak, Inc. as appellant for purposes of discussion. As discussed in the first paragraph, All–Pak is also an appellee on the cross-appeal.

judgment on the pleadings filed by Johnston and Exakt. These appeals followed.

DISCUSSION:

Appellant now raises the following issues: (1) whether the trial court erred in denying injunctive relief by relying on the lack of consent by the employee to any assignment of the employment contract; (2) whether injunctive relief should have been denied on the basis that the employer terminated the employee; (3) whether the trial court erred in denying injunctive relief by holding that the geographic scope of the restrictive covenant was undefinable; and (4) whether appellant satisfied the requirements for injunctive relief. The issue on the cross-appeal is whether an employment contract that includes a restrictive covenant can be assigned from one employer to another without obtaining the consent of the employee.

■ The purpose sought to be achieved by the issuance of a preliminary injunction is "the avoidance of irreparable injury or gross injustice until the legality of the challenged action can be determined." *Fischer v. Department of Public Welfare*, 497 Pa. 267, 270, 439 A.2d 1172, 1174 (1982). In Pennsylvania, the essential prerequisites for a preliminary injunction are:

> first, that it is necessary to prevent immediate and irreparable harm which could not be compensated by damages; second, that greater injury would result by refusing it than by granting it; and third, that it properly restores the parties to their status as it existed immediately prior to the alleged wrongful conduct. Even more essential, however, is the determination that the activity sought to be restrained is actionable, and that the injunction issued is reasonably suited to abate such activity. And unless the plaintiff's right is clear and the wrong is manifest, a preliminary injunction will generally not be awarded.

*Singzon v. Dept. of Public Welfare*, 496 Pa. 8, 11, 436 A.2d 125, 127 (1981) (citations omitted). The standards for obtaining a preliminary injunction are so high because of the

nature of the relief; as the Supreme Court noted, "a preliminary injunction is somewhat like a judgment and execution before trial." *Herman v. Dixon*, 393 Pa. 33, 36, 141 A.2d 576, 577 (1958).

■ An appellate court's review of the grant or denial of a preliminary injunction is limited to determining whether there were **"any apparently reasonable grounds"** for the action of the trial court. *Singzon, supra*, at 10, 436 A.2d at 126. *See Sovereign Bank v. Harper*, 449 Pa.Super. 578, 674 A.2d 1085, *alloc. denied*, 546 Pa. 695, 687 A.2d 379 (1996). We will interfere with the trial court's decisions regarding a preliminary injunction only if there exists no grounds in the record to support the decree, or the rule of law relied upon was palpably erroneous or misapplied. *Singzon, supra*, at 10–11, 436 A.2d at 126–27. It must be stressed that our review of a decision regarding a preliminary injunction does not reach the merits of the controversy. *WPNT Inc. v. Secret Communication Inc.*, 443 Pa.Super. 269, 272, 661 A.2d 409, 410 (1995).[2] Instead, all that is reviewed is whether the party seeking the preliminary injunction produced sufficient evidence to show that substantial legal questions must be resolved to determine the rights of the respective parties. *Chmura v. Deegan*, 398 Pa.Super. 532, 535, 581 A.2d 592, 593 (1990). *See Valley Forge Historical Society v. Washington Memorial Chapel*, 493 Pa. 491, 426 A.2d 1123 (1981).

■ In Pennsylvania restrictive covenants are enforceable if they are incident to an employment relationship between the parties, the restrictions imposed by the covenant are reasonably necessary for the protection of the employer, and the restrictions imposed are reasonably limited in duration and geographic extent. *Morgan's Home Equipment Corp. v. Martucci*, 390 Pa. 618, 136 A.2d 838 (1957); *John G. Bryant Co. v. Sling Testing & Repair, Inc.*, 471 Pa. 1, 369 A.2d 1164 (1977). However, when fashioning an injunction to enforce a restrictive covenant, trial courts have broad powers to modify the restrictions imposed on the former employee to

---

**2.** A trial court may reach the merits of the matter and turn a request for a preliminary injunction into one for a permanent injunction if both parties agree. *See Naus & Newlyn, Inc. v. Mason*, 295 Pa.Super. 208, 441 A.2d 422 (1982). However, this was not done in this case.

include only those restrictions reasonably necessary to protect the employer. *Morgan's Home Equipment Corp., supra.* This is so because restrictive covenants constitute a restraint on the employee's trade, and are strictly construed against the employer. *See Jacobson & Co. v. International Environment Corp.,* 427 Pa. 439, 235 A.2d 612 (1967). As a result, in determining whether to enforce a post-employment restrictive covenant, we must balance the interest the employer seeks to protect against the important interest of the employee in being able to earn a living in his chosen profession. *Thermo–Guard, Inc. v. Cochran,* 408 Pa.Super. 54, 596 A.2d 188 (1991).

Appellant's first issue is addressed to the trial court's decision that appellant's right to an injunction was uncertain because there was a question regarding the assignability of the restrictive covenant.

To date, no Pennsylvania appellate court has ruled whether a restrictive covenant in an employment contract can be assigned by the employer.[3] However, a few trial court decisions have decided this issue.[4] In *Armstead v. Miller,* 52 D. & C.2d 584 (Pa.Com.Pl. 1971), the Honorable John G. Brosky, then of the Court of Common Pleas of Allegheny County,[5] held that such covenants are not assignable, being in the nature of personal service contracts, unless they include language expressly allowing assignments. Two

trial court decisions have allowed such assignments, but only because it was found in those cases that the employee had either expressly or implicitly by his conduct consented to the assignment. *Jack Tratenberg, Inc. v. Komoroff,* 87 Pa. D. & C. 1 (Pa.Com. Pl.1951); *Green's Dairy Inc. v. Chilcoat,* 89 Pa. D. & C. 351 (Pa.Com.Pl. 1954). These cases are consistent in considering restrictive covenants contained in employment contracts to be unassignable absent the consent of the employee.

Strong policy considerations underlie the conclusion that restrictive covenants are not assignable. Given that restrictive covenants have been held to impose a restraint on an employee's right to earn a livelihood,[6] they should be construed narrowly; and, absent an explicit assignability provision, courts should be hesitant to read one into the contract. Moreover, the employer, as drafter of the employment contract, is already in the best position to include an assignment clause within the terms of the employment contract.[7] Similarly, a successor employer is free to negotiate new employment contracts with the employees, as the record reveals new All–Pak did with several employees, or secure the employee's consent to have the prior employment contract remain in effect.

In this case, the trial court found that the employment contract between the

**3.** In *Camenisch v. Allen,* 351 Pa. 257, 40 A.2d 420 (1945), and 158 Pa.Super. 174, 44 A.2d 309 (1945), the courts never addressed whether the restrictive covenant was assignable because it was the employer who breached the contract with the employee, not vice-versa. In *Seligman & Latz of Pittsburgh v. Vernillo,* 382 Pa. 161, 114 A.2d 672, (1955), the Supreme Court held that a restrictive covenant could be enforced against an employee by an employer which changed its form a partnership to a corporation [an assignment in a similar factual situation was upheld in *Howe v. Anderson,* 23 Pa. D.& C.3d 297 (Pa.Com. Pl.1982)]. Finally, in *Alabama Binder & Chem. Corp. v. Pennsylvania Indus. Chem. Corp.,* 410 Pa. 214, 189 A.2d 180 (1963), the Supreme Court permitted an assignment of a restrictive covenant from the predecessor employer to the successor employer but was careful to note that the case involved a restrictive covenant made in conjunction with a buy-sell agreement, and cited *Morgan's Home Equipment Corp. v. Martucci,* 390 Pa. 618, 136 A.2d 838 (1957), for the longstanding

principle of law that covenants not to compete which are ancillary to a buy-sell agreement will not be subject to the higher level of scrutiny given those covenants entered into as part of employment contracts.

**4.** A general review of case law on this issue from other states is contained in "Enforceability, By Purchaser or Successor of Business, of Covenant Not to Compete Entered Into By Predecessor and its Employees," 12 A.L.R.5th 847.

**5.** The Honorable John G. Brosky is now a senior judge with this Court, and has been a Superior Court judge since 1980.

**6.** *See Thermo–Guard, Inc. v. Cochran,* 408 Pa.Super. 54, 596 A.2d 188 (1991).

**7.** The drafter of a contract should have ambiguities construed against it. *Gallagher v. Fidelcor, Inc.,* 441 Pa.Super. 223, 657 A.2d 31, *alloc. denied,* 544 Pa. 675, 678 A.2d 365 (1996).

original All–Pak and Johnston did not contain an assignment clause, and that the record as it existed did not show that Johnston consented to the purported assignment[8] between original All–Pak and the new All–Pak. Thus, a fuller record was required. Given the state of the record at this preliminary stage in the proceedings, the trial court acted properly in finding that appellant's right to injunctive relief was not clear, and hence the court had a reasonable basis for denying appellant's petition for a preliminary injunction.

■ Because we have decided that the trial court had a reasonable basis to deny appellant's petition for a preliminary injunction, we need not address appellant's remaining issues. However, as it is likely to arise if appellant seeks a permanent injunction,[9] we will briefly touch on the effect of appellant's termination of Johnston. The trial court concluded that because Johnston was terminated unilaterally, appellant's right to relief in the form of a preliminary injunction was unclear in light of this Court's recent decision in *Insulation Corp. of America v. Brobston*, 446 Pa.Super. 520, 667 A.2d 729 (1995).

In *Insulation Corp. of America v. Brobston*, an employer sought to enforce a two year restrictive covenant on an employee who had been fired for poor performance. We held that the fact that the employee was terminated, rather than quit voluntarily, was an important factor when considering the enforceability of a restrictive covenant. On the facts in that case, we determined that it was inequitable for the employer to obtain an injunction against the employee.[10] We emphasized, however, that the reasonableness of enforcing such a restriction is determined on a case by case basis. Thus, the mere termination of an employee would not serve to bar the employer's right to injunctive relief. Where, for instance, an employee intentionally engaged in conduct that caused his termination,[11] the employer's right to injunctive relief would survive. However, where an employer terminated an employee for reasons beyond the employee's control, the rule announced in *Brobston* may bar injunctive relief.[12]

■ Turning to appellees' issue, we are compelled to quash that appeal *sua sponte*[13] because the denial of a motion for judgment on the pleadings, as provided for by Pa.R.Civ.P. 1034, is not a final order under Pa.R.A.P. 341. *Casani v. Lincoln Bank*, 292 Pa.Super. 90, 436 A.2d 1019 (1981). Nor does it come within the class of interlocutory orders, such as one granting or

---

8. The trial record held that it was not clear on the record before it that such an assignment occurred. *See The Fonda Group, Inc. v. Erving Industries, Inc.*, 897 F.Supp. 230 (E.D.Pa.1995).

9. Should the trial court in a subsequent proceeding award appellant a permanent injunction, the court has broad power in fashioning that injunction to modify the terms of the restrictive covenant, *Morgan's Home Equipment Corp. v. Martucci*, 390 Pa. 618, 136 A.2d 838 (1957), including its geographical limitation. *Jacobson & Co. v. International Environment Corp.*, 427 Pa. 439, 235 A.2d 612 (1967); *Davis & Warde, Inc. v. Tripodi*, 420 Pa.Super. 450, 616 A.2d 1384 (1992), *alloc. denied*, 536 Pa. 624, 637 A.2d 284 (1993).

10. As expressed in *Brobston*:
   The employer who fires an employee for failing to perform in a manner that promotes the employer's business interests deems the employee worthless. Once such a determination is made by the employer, the need to protect itself from the former employee is diminished by the fact that the employee's worth to the corporation is presumably insignificant. Un-

der such circumstances, we conclude that it is unreasonable as a matter of law to permit the employer to retain unfettered control over that which it has effectively discarded as worthless to its legitimate business interests.
   *Insulation Corp. of America v. Brobston*, 446 Pa. Super. 520, 532, 667 A.2d 729, 735 (1995).

11. It is entirely foreseeable that in a given situation, an employee might decide to try to get around a restrictive covenant by deliberating performing in a poor manner at his job, hoping that his employer will fire him so that he would not be bound by any restriction on his post-employment activities. This is why this Court held that every case must be evaluated on its own facts.

12. Remember I have done thee worthy service, Told thee no lies, made thee no mistakings, serv'd Without or grudge or grumblings.
   William Shakespeare, *The Tempest*, Act I, ii.246

13. As an appellate court, we may determine *sua sponte* whether an appeal is properly before us. *Continental Bank v. Andrew Bldg. Co.*, 436 Pa.Super. 559, 648 A.2d 551 (1994).

denying a preliminary injunction, that is appealable as of right under Pa.R.A.P. 311. Finally, appellees did not petition to bring this appeal as an interlocutory appeal by permission, as provided by Pa.R.A.P. 312, 1311. As a result, appellees' appeal is interlocutory and must be quashed.[14]

CONCLUSION:

The trial court did not err in denying appellant injunctive relief because it is unclear whether appellee consented to the assignment between appellant and its predecessor company. In addition, appellees' appeal of the trial court's denial of its motion for judgment on the pleadings is interlocutory and must be quashed.

Consequently, regarding the appeal docketed at No. 01269 Pittsburgh 1996, the order entered by the Court of Common Pleas of Allegheny County is affirmed. The appeal docketed at No. 01343 Pittsburgh 1996 is quashed.

SAYLOR, J., concurs in the result.

14. We note that the substance of appellees' issue, whether a restrictive covenant can be assigned by the employer, has already been decided under appellant's appeal.