**Susan L. WALTER, Administratrix of the Estate of Michael F. Walter, Deceased**

v.

**Joseph A. STACY and Agnes A. Stacy.**

**Appeal of: Agnes A. Stacy.**

Superior Court of Pennsylvania.

Argued May 7, 2003.

Filed Dec. 1, 2003.

---

3.  18 Pa.C.S.A. § 1106.

4.  We note that Mitsdarfer has not waived this issue since he may still pursue the issue in the trial court.

Delano M. Lantz, Harrisburg, for appellant.

Mary E. Dixon, Philadelphia, for appellee.

Before: DEL SOLE, P.J., JOHNSON and BECK, JJ.

BECK, J.

¶ 1 In this appeal from the grant of a preliminary injunction, appellant raises multiple claims of trial court error. We vacate and remand with instructions.

¶ 2 Appellant Agnes Stacy (Mrs. Stacy) is married to Joseph Stacy (Mr. Stacy). In the summer of 2002, Mr. Stacy was charged with several counts of sexual assault. The victims in that case were two minor daughters of Susan Walter (Mrs. Walter) and Michael Walter (Mr. Walter). Mr. Stacy's trial on the sexual assault case was set to begin on July 8, 2002 and Mr. Walter was scheduled to appear as a witness against Mr. Stacy at trial. However, on July 5, 2002, Mr. Stacy went to Mr. Walter's place of employment and allegedly shot Mr. Walter to death. At the time of the shooting, Mr. Stacy was a convicted felon and was prohibited from using or possessing a firearm. He is currently incarcerated on murder charges.

¶ 3 Mrs. Walter filed a civil action against Mr. and Mrs. Stacy. The complaint seeks damages under a wrongful death theory for Mrs. Walter as the decedent's wife, as well as for the couple's eleven children. The complaint also includes a survival count, seeking damages for the estate of Mr. Walter (of which Mrs. Walter is the administratrix). Mr. Stacy's liability is based on his intentional and reckless conduct in causing the death of Mr. Walter. Mrs. Stacy's liability is based primarily on her negligent conduct, including allegations that she actively assisted Mr. Stacy in obtaining, using and controlling the gun he used in the murder, despite knowing that he was not permitted access to firearms.

¶ 4 On October 17, 2002, Mrs. Walter was successful in obtaining a preliminary injunction against both Mr. and Mrs. Stacy. The request for the injunction was triggered by the Stacys' decision to place their over one hundred acre property in Pike County on the market at an asking price of $845,000.00. The injunction, which Mrs. Stacy challenged, provided that any proceeds from the sale of the property were to be deposited into an escrow account from which the Stacys could not make a withdrawal without a court order. The injunction order further provided that the Stacys were not prevented absolutely from utilizing the proceeds. Instead they were required only to obtain court approval before doing so, in order to prevent the "unfair, wholesale dissolution of their assets in anticipation of civil liability." Order Granting Preliminary Injunction, 10/21/02, at 2.

¶ 5 Mrs. Stacy filed this timely appeal from the order granting the injunction and raised several claims of trial court error. We address first her claim that the injunction order is void because the trial court failed to require Mrs. Walter to file a bond. The Rules of Civil Procedure address this issue directly and provide in relevant part:

[A] preliminary or special injunction shall be granted only if

(1) the plaintiff files a bond in an amount fixed and with security approved by the court, naming the Commonwealth as obligee, conditioned that if the injunction is dissolved because improperly granted or for failure to hold a hearing, the plaintiff shall pay to any person injured all damages sustained by any reason of granting the injunction and all legally taxable costs and fees, or

(2) the plaintiff deposits with the prothonotary legal tender of the United States in an amount fixed by the court

to be held by the prothonotary upon the same condition as provided for the injunction bond.

Pa.R.Civ.P. 1531(b).

¶ 6 In this case Mrs. Stacy requested that the bond be posted; however, the trial court chose not to require one. Instead, it added a *proviso* to its order granting the injunction, to wit:

> If the Defendants prevail on the underlying wrongful death and survival claims, then this Injunction order shall become moot. If that occurs, then the costs involved with petitioning the court to release the proceeds from the sale of the house would be the only real harm suffered by the Defendants. Accordingly, IF the defendants prevail on the underlying wrongful death and survival claims, the Plaintiff is ORDERED to pay to the Defendants the court filing fee and reasonable attorney fee associated with the Defendants' request for a Court Order authorizing release of the house proceeds... Otherwise, Defendant Agnes Stacy's request for Plaintiff to post a bond in support of this injunction is hereby DENIED.

Order Granting Preliminary Injunction, 10/21/02, at 2.

██ ¶ 7 Although the trial court attempted to fashion an alternative to Rule 1531(b), the law does not allow the trial court to act in this manner. The bond "requirement is *mandatory* and an appellate court *must invalidate* a preliminary injunction if a bond is not filed by the plaintiff." *Soja v. Factoryville Sportsmen's Club*, 361 Pa.Super. 473, 522 A.2d 1129, 1131 (1987) (emphasis supplied). "Even if the trial court's order was otherwise proper, its failure to require the post-

ing of a bond mandate[s] our reversal of its decision." *Id.*

██ ¶ 8 Thus, we have no choice but to vacate the order of the trial court due to its failure to require a bond.[1] We note however, that although the court's failure in this regard renders the injunction null, the error may be cured by the re-issuance of the preliminary injunction if the order includes the requirement of a bond. In *Christo v. Tuscany, Inc.*, 308 Pa.Super. 564, 454 A.2d 1042 (1983), a panel of this court vacated the grant of the preliminary injunction because the trial court failed to require a bond. But the panel remanded the matter with instructions that a bond be imposed. *Id.* at 1044. The trial court thereafter set bond at $1.00. Ultimately, the defendants prevailed in the underlying action and sought damages in excess of the nominal bond. The matter came before this court again on appeal. Although we held that the defendants were not limited by the amount of the bond in seeking damages for an improperly issued injunction, this court nonetheless recognized that Rule 1531(b) authorizes the trial court to set bond in an amount it deems proper under the circumstances:

> The trial court must determine the [bond] amount after balancing the equities involved on a case by case basis. For instance, plaintiffs may be unable to provide sufficient security where damages could be great, or where plaintiff is impecunious, yet the court may determine, based upon the balance of the equities, that the injunction should nevertheless issue. Consequently, a relatively low bond ... may be set.

---

1. We understand the court's desire to avoid requiring Mrs. Walter to post bond in this case. The trial court noted that Mrs. Walter, "being indigent and needing to support eleven children (a difficult task that has become even more daunting now that the major breadwinner in the house has been killed) would undoubtedly have trouble raising enough money to post a bond." Trial Court Opinion, 12/31/02, at 8–9.

*Christo v. Tuscany, Inc.*, 368 Pa.Super. 9, 533 A.2d 461, 467 (1987) (citations omitted).

¶ 9 Based on both *Christo* cases, we conclude that the trial court's failure to require a bond obligates us to vacate its order; however, if we find that the injunction was otherwise proper, a remand for imposition of a bond is appropriate. We proceed then to address the other claims of error raised by Mrs. Stacy and begin with the relevant law.

¶ 10 A preliminary injunction's purpose is to "preserve the status quo and prevent imminent and irreparable harm that might occur before the merits of the case can be heard and determined." *Soja, supra* at 1131. There are five requirements a party must meet in order to be granted a preliminary injunction. A plaintiff seeking an injunction must establish that:

1) relief is necessary to prevent immediate and irreparable harm;
2) a greater injury will occur from refusing the injunction than from granting it;
3) the injunction will restore the parties to the status quo;
4) the alleged wrong is manifest and the injunction is reasonably suited to abate it; and
5) the plaintiff's right to relief is clear.

*Santoro v. Morse*, 781 A.2d 1220, 1229 (Pa.Super.2001).

¶ 11 Our standard of review is clear. We "examine the record only to determine whether the trial court had reasonable grounds for its order. Our scope of review is particularly limited where ... the in-

junction is merely prohibitive rather than mandatory. We may reverse only if there are no grounds to support the decree or if the rule of law was palpably erroneous or misapplied." *Chmura v. Deegan*, 398 Pa.Super. 532, 581 A.2d 592, 593 (1990) (citations omitted).

¶ 12 Mrs. Stacy claims that the injunction cannot be sustained because the underlying civil action is based solely on an intentional tort committed by Mr. Stacy, and therefore, Mrs. Walter has no right to relief against Mrs. Stacy. We cannot agree.[2] It is clear from Mrs. Walter's complaint that her theory of liability against Mrs. Stacy is based on *Mrs. Stacy's own conduct.* Specifically, Mrs. Walter asserts that Mrs. Stacy knew Mr. Stacy was a violent man and that he was prohibited by law from using, obtaining or possessing firearms. Nonetheless, Mrs. Stacy actively assisted Mr. Stacy in procuring the weapon he used to kill Mr. Walter. The complaint, in essence, alleges Mrs. Stacy's assistance to Mr. Stacy in violating 18 Pa.C.S.A. § 6105 (Persons not to possess, use, manufacture, control, sell or transfer firearms), as well as her own violation of 18 Pa.C.S.A. § 6115 (Loans on, or lending or giving firearms prohibited).

¶ 13 Whether Mrs. Walter surely will prevail on this theory of liability is not the question. "The party seeking an injunction need not prove the merits of the underlying claim, but need only show that substantial legal questions must be resolved to determine the rights of the respective parties." *Chmura*, 581 A.2d at 593 (citing *Fischer v. Department of Pub-*

2. Mrs. Stacy argues that the property at issue, held by her and her husband as tenants by the entireties, cannot be used to satisfy a debt owed by just one of them. *See* 12 Pa.C.S.A § 5101(B); In re Estate of Maljovec, 412 Pa.Super. 80, 602 A.2d 1317 (1991). Mrs. Stacy uses this argument to attack not only the requirement that plaintiff's right to relief be clear, but also the requirement that the threat of harm be immediate and irreparable. Because we conclude *infra* that Mrs. Walter is alleging liability against *each* spouse for his and her *own conduct,* we need not address this argument.

*lic Welfare,* 497 Pa. 267, 271, 439 A.2d 1172, 1174 (1982)). We agree with the trial court that there are substantial legal questions regarding Mrs. Stacy's liability under these facts.[3] Therefore, we find that the trial court did not err in granting the injunction.

¶ 14 Mrs. Stacy next claims that the trial court should have held an evidentiary hearing on the issue of her liability in this case and the court's failure to do so invalidated the injunction. In reaching its conclusion that an injunction was appropriate, the trial court relied on the arguments of counsel and the record; it did not hold an evidentiary hearing. The law with respect to hearings and preliminary injunctions is clear. It provides:

> A court shall issue a preliminary or special injunction only after written notice and hearing *unless* it appears to the satisfaction of the court that immediate and irreparable harm will be sustained before notice can be given or a hearing held, in which case the court may issue a preliminary or special injunction without a hearing or without notice. *In determining whether a preliminary or special injunction should be granted and whether notice or a hearing should be required,* the court may act on the basis of the averments of the pleadings or petition and may consider affidavits of parties or third persons or any other proof which the court may require.

Pa.R.Civ.P. 1531(a) (emphasis supplied).

¶ 15 A hearing simply is not required under the law. We are satisfied that the trial court's reliance on the pleadings and the arguments of counsel was sufficient to support its determination in this case. The court considered every requirement necessary for the grant of an injunction and the record before it was sufficient to support its determination. There was no error for failure to hold a hearing.

¶ 16 Because the trial court did not require a bond to be posted in this case, we are compelled to vacate its order granting a preliminary injunction. This is so despite the fact that the trial court's order was "otherwise proper." *Soja,* 522 A.2d at 1131. We remand the matter to the trial court for imposition of a bond in an amount it deems appropriate. *Christo,* 454 A.2d at 1044.

¶ 17 Order vacated; matter remanded with instructions. Jurisdiction relinquished.

¶ 18 DEL SOLE, P.J. files a Concurring Statement.

DEL SOLE, P.J., Concurring.

¶ 1 I join the majority's determination that the injunction is null and void and must be vacated since no bond was required or filed. However, I would merely vacate the order entering the injunction. Any further discussion is dicta.

---

**3.** Mrs. Stacy relies on *T.A. v. Allen,* 447 Pa.Super. 302, 669 A.2d 360 (1995) in support for her claim that she cannot be held liable for the intentional torts of her husband. In *T.A.,* the defendant/grandmother was deemed not liable for the sexual assaults committed upon her grandchildren by her husband, the children's grandfather. This was true even though the grandmother knew of her husband's "pedophilic tendencies." *Id.* at 362. The *T.A.* court noted that the case against the grandmother rested not on her own affirmative conduct, but on her failure to protect the victims from her husband. *Id.* The court held that the grandmother had no duty of protection. *Id.* This case differs from *T.A.* in an important respect. Mrs. Walter alleges injury as a result of Mrs. Stacy's direct conduct in procuring the gun that enabled Mr. Stacy to kill Mr. Walter.