J-S79018-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| CHRISTINE SCOTT, DEBORAH DEPHILLIPO; CAROL M. BLEDSOE, CATHERINE VERNON, WILLIAM ONSLAGER, LARRY CHANG, JULIA SCHWARTZ, JULIA BLOCK, LISA TANNER, CHEIN HONG FUNG, WEN CHING FUNG | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellees | |
| v. | |
| DANIEL M. BERGER AND BOOTHWYN PARTNERS, LLP AND BGP REALTY AND WILLOWBROOK APARTMENTS AND BERGER REAL ESTATE CLIENT SERVICES CORPORATION AND BERGER REAL ESTATE SALES AND BERGER RENTAL COMMUNITIES AND PA MANAGEMENT & MAINTENANCE CORP AND ZACK MOORE | |
| Appellants | No. 1153 EDA 2016 |

Appeal from the Order Entered April 11, 2016
In the Court of Common Pleas of Delaware County
Civil Division at No(s): March Term 2016-002456

BEFORE:  GANTMAN, P.J., MOULTON, J., and MUSMANNO, J.

MEMORANDUM BY MOULTON, J.:          **FILED NOVEMBER 21, 2016**

Daniel M. Berger, Boothwyn Partners, LLP, BGP Realty, Willowbrook Apartments, Berger Real Estate Client Services Corporation, Berger Real Estate Sales, Berger Rental Communities, PA Management and Maintenance Corporation, and Zack Moore (together, "Berger") appeal from the April 11, 2016 order of the Court of Common Pleas of Delaware County granting in part

the motion for special emergency relief and preliminary injunction filed by Christine Scott, Deborah DePhillipo, Catherine Vernon, William Onslager, Larry Chang, Julia Schwartz, Lisa Tanner, Chein Hong Fung, and Wen Ching Fung (together, "Minority Owners"). We vacate and remand.

Minority Owners own condominium units in a building located at 3360 Chichester Avenue in Upper Chichester, Pennsylvania ("Condominium"). On February 8, 2016, with an eye toward selling the building and distributing the proceeds, more than 80 percent of the unit owners voted to terminate the Condominium by agreement pursuant to section 3220 of the Pennsylvania Uniform Condominium Act ("UCA"), 68 Pa.C.S. § 3220. Thereafter, the Willowbrook Condominium Owners Association ("Association"), controlled by Berger, obtained an independent appraisal of the property, which set the fair market value at $18.5 million. An auction sale of the Condominium was scheduled for April 13, 2016.

On March 16, 2016, Minority Owners filed a complaint against Berger and a motion for special emergency relief and preliminary injunction ("Motion").[1] Their principal complaint was that Berger had not distributed the entire appraisal to all unit owners, which Minority Owners claimed was required by section 3220(f) of the UCA. In their Motion, Minority Owners requested a stay

---

[1] In their Complaint, Minority Owners averred that they did not file suit against the Association because they believed that Berger would "use the legal costs to defend this matter as an excuse to simply increase their condo[minium] fees again." Compl. ¶ 116.

of the April 13, 2016 auction. Berger responded to the Motion on April 8, 2016.

On April 11, 2016, after an evidentiary hearing, the trial court granted the Motion in part. The trial court ordered that the auction "be stayed until at least thirty (30) days after [Berger] distribute[s] the full decision of the appraiser to all unit owners." Trial Ct. Order, 4/11/16, at 1. Berger timely appealed to this Court.[2]

On appeal, Berger asserts that the trial court erred in failing to require Minority Owners to post a bond before issuing the preliminary injunction as required by Pennsylvania Rule of Civil Procedure 1531(b)(1). We agree.

Rule 1531(b)(1) states that "a preliminary injunction . . . shall be granted **only if** . . . the plaintiff files a bond in an amount fixed and with security approved by the court." Pa.R.C.P. 1531(b)(1) (emphasis added). Our Court has explained that the bond "requirement is mandatory[,] and an appellate court must invalidate a preliminary injunction if a bond is not filed by the plaintiff." *Soja v. Factoryville Sportsmen's Club*, 522 A.2d 1129, 1131 (Pa.Super. 1987); *see Goodies Olde Fashion Fudge Co. v. Kuiros*, 597 A.2d 141, 143 (Pa.Super. 1991). A preliminary injunction issued without the filing of a bond is a nullity. *Mamula v. United Steelworkers of Am.*, 185 A.2d 595, 597 (Pa. 1962); *see also Surco Prods., Inc. v. Kieszek*, 80 A.2d

_____

   [2] *See* Pa.R.A.P. 311(a)(4) (permitting interlocutory appeal as of right from order granting injunction).

842, 845 (Pa. 1951) (holding that "[trial] court was utterly without power" to issue injunction without bond). Moreover, "even if the trial court's [injunction] order was otherwise proper, its failure to require the posting of a bond . . . mandate[s] our reversal of its decision." **Soja**, 522 A.2d at 1131; **see also Surco**, 80 A.2d at 845 (stating that trial court's failure to require bond "cannot be corrected or cured after an appeal has been made"). Therefore, we must vacate the trial court's order.

In its opinion, the trial court acknowledges that it erroneously failed to require a bond but asks this Court to remand so that it may re-issue the injunction with a bond requirement. Trial Ct. Op., 6/13/16, at 4-5 (citing **Walter v. Stacy**, 837 A.2d 1205 (Pa.Super. 2003)). In **Walter**, the trial court did not require the plaintiff in a wrongful death action to post a bond before issuing a preliminary injunction due to the plaintiff's indigence. 837 A.2d at 1208. On appeal, we held that the failure to require a bond rendered the injunction a nullity and required vacation of the injunction order. **Id.** However, we then considered whether the injunction was otherwise proper, noting that the trial court's "error may be cured by the re-issuance of the preliminary injunction if the order includes the requirement of a bond." **Id.** at 1208-10. Because we determined that the injunction was otherwise proper, we remanded for the imposition of an appropriate bond. **Id.** at 1210.

**Walter** suggests that in some cases, the facts and equities may justify a remand for re-issuance of the preliminary injunction with a bond requirement. Nonetheless, the **Walter** Court held, consistent with the precedent discussed

- 4 -

above, that the trial court lacked jurisdiction to enter an injunction without a bond "despite the fact that the trial court's order was 'otherwise proper.'" *Id.* (quoting *Soja*, 522 A.2d at 1131).

Here, given the facts of this case and the limited nature of the preliminary injunction, circumstances may have changed since the trial court granted injunctive relief in a way that would render re-issuance of the injunction inappropriate.[3] For this reason, we deny the trial court's request for a remand solely to re-issue its injunction order with a bond requirement.[4]

Order vacated. Case remanded. Jurisdiction relinquished.

_____

[3] Minority Owners have not filed a brief with this court. Their failure to contest the claims raised on appeal could indicate a change in the ownership status, or legal position, of some of the named plaintiffs.

[4] Berger also asserts that the trial court's injunction was improper because the Association is an indispensable party that has not been joined as a defendant. Specifically, Berger claims that although the trial court enjoined Berger from proceeding with the auction sale, the Association is the only entity that can legally sell the Condominium. Berger's Br. at 11-12; *see* 68 Pa.C.S. § 3220(c) (stating that after condominium is terminated, "title to [the] real estate . . . vests in the association as trustee" for all unit owners and the association "has all powers necessary and appropriate to effect the sale" of condominium). Because we conclude that the injunction is a nullity, we need not address this claim. On remand, however, both the parties and the trial court should be prepared to address this issue if Minority Owners continue to seek an injunction.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>11/21/2016</u>