489 A.2d 246

**FRANKLIN DECORATORS, INCORPORATED, Appellant,**

**v.**

**HENDE–JON FURNITURE SHOWROOMS, INCORPORATED.**

Superior Court of Pennsylvania.

Argued Nov. 19, 1984.

Filed March 1, 1985.

W. Thomas Laffey, Jr., Pittsburgh, for appellant.

Neal Brendel, Pittsburgh, for appellee.

Before BROSKY, ROWLEY and JOHNSON, JJ.

PER CURIAM:

This case comes before us on appeal from an Order denying a request by Plaintiff, Franklin Decorators, Inc., for preliminary injunctive relief. We affirm.

The facts, as set forth by the trial court, are as follows:

Plaintiff-lessee Franklin Decorators, a corporation, filed a complaint in equity and for declaratory relief against defendant-lessor Hende-Jon Furniture Showrooms, a corporation, alleging various violations by the defendant of the terms of a lease agreement for commercial space, which was executed by the parties on May 22, 1978. The lease agreement, effective August 1, 1978 through July 31, 1983, states, as herein relevant, that the lessor agrees

to provide heat between October 1st and May 31st; and that the lessor will invoice the lessee for its share of increases from the year 1978 in the cost of utilities assessments, real estate taxes, elevator maintenance and rubbish removal. On April 14, 1981, the parties signed an addendum to the lease by which Hende-Jon agreed to lease additional space to Franklin.

The complaint alleges that the defendant has failed to provide adequate ventilation; that the indoor temperature has reached 80°–90° on occasion; that a bathroom exhaust fan is inoperable; that the defendant has failed to clean the bathroom; and that the defendant has turned lights out in portions of the building to which the plaintiff had access. The plaintiff asserts that its business has been hindered and that it has chosen to withhold rental payments as a result of the foregoing. By letter, dated April 13, 1983, the defendant notified the plaintiff that it was in default of the rental payment due April 1, 1983. The letter also stated that Franklin was delinquent in the payment of utility surcharges and operating expenses as required under the lease. Hende-Jon indicated that it would "... exercise all available remedies under the lease as necessary to protect its interest" unless full payment was made. The plaintiff has possession of the leased property.

Appellant raises two issues on appeal:

1. Whether Plaintiff had an adequate remedy at law when it had alleged a breach by the Defendant/lessor of the Covenant of Quiet Enjoyment under its lease, and [would suffer] irreparable harm if the Defendant was not enjoined from confessing judgment or utilizing options under the lease if rent was not paid including termination of the lease?

2. Whether Plaintiff was entitled to a hearing on its Request for a Preliminary Injunction?

There is no absolute duty on the court to grant an evidentiary hearing on an application for a preliminary injunction; it is a matter for the discretion of the trial court,

but a refusal to grant a hearing will be reversed where it is an abuse of discretion. 15 Standard Pennsylvania Prac.2d § 83:161. *See also Commonwealth v. Schall,* 6 Pa. Commw. 578, 297 A.2d 190 (1972). The scope of appellate review of a refusal to enter a preliminary injunction is limited to determining if there are any reasonable grounds for the action of the lower court. *See Hospital Association of Pennsylvania v. Commonwealth of Pennsylvania Department of Public Welfare,* 495 Pa. 225, 433 A.2d 450 (1981); *Boyd v. Cooper,* 269 Pa.Super. 594, 410 A.2d 860 (1979).

We have carefully reviewed the record and the briefs of the parties, and we agree with the trial court that Appellant has an adequate remedy at law. *See Pollock v. Morelli,* 245 Pa.Super. 388, 369 A.2d 458 (1976). *Accord Checker Oil Co. of Delaware, Inc. v. Harold H. Hogg, Inc.,* 251 Pa.Super. 351, 380 A.2d 815 (1977). Thus, we do not find that the trial court's refusal to grant a hearing constitutes an abuse of discretion.

Order affirmed.