524 A.2d 990

**BECK COMPUTING SERVICES INCORPORATED, Appellant,**

**v.**

**Scott A. ANDERSON, Appellee.**

Superior Court of Pennsylvania.

Argued Feb. 5, 1987.

Filed April 20, 1987.

506

Vincent F. Lackner, Jr., Pittsburgh, for appellant.

Michael A. Della Vecchia, Pittsburgh, for appellee.

Before BROSKY, JOHNSON and MONTGOMERY, JJ.

MONTGOMERY, Judge:

The genesis of the instant dispute was a Complaint in equity instituted in the lower court in October, 1985 by the Plaintiff-Appellant, Beck Computing Services Incorporated (hereinafter referred to as "Beck"), seeking an injunctive order against its former employee, Scott Anderson, the Defendant-Appellee. More specifically, Beck sought to enjoin Anderson: from using or disclosing confidential information, including computer programs, allegedly obtained by Anderson during the term of his employment with Beck; from soliciting business from Beck's customers; and from soliciting Beck's employees to work for Anderson. Further, the Appellant sought the impounding and destruction of copies of its computer programs allegedly in the Appellee's possession or under his control, and requested an accounting with regard to all revenues obtained by the Appellee in the course of his competition with the Appellant. On October 21, 1985, without holding a hearing, the lower court issued an order denying the Appellant's request for a preliminary injunction. On this appeal, the Appellant urges that the lower court erred in refusing to hold an evidentiary hearing on its request for a preliminary injunction.

In the review of this appeal, we initially refer to Pennsylvania Rule of Civil Procedure 1531, which provides in pertinent part, in subsection (a):

In determining whether a preliminary or special injunction should be granted and whether notice or a hearing should be required, the court may act on the basis of the averments of the pleadings or petition and may consider

affidavits of parties or third persons or any other proof which the court may require.

See also *Philadelphia Minit-Man Car Wash v. Building and Construction Trades Council of Philadelphia and Vacinity, AFL–CIO*, 411 Pa. 585, 192 A.2d 378 (1963). It is clear that on appeal from a lower court's denial of a preliminary injunction, an appellate court will only look to determine if there were any apparently reasonable grounds for the action of the lower court. *Carl A. Colteryahn Dairy, Inc. v. Schneider Dairy*, 415 Pa. 276, 203 A.2d 469 (1964). We must also be mindful that a preliminary injunction is an extraordinary remedy, and the trial court's power to enter such an injunction should be exercised only after careful deliberation has resulted in the conclusion that such relief is a necessity. *Rush v. Airport Commercial Properties, Inc.*, 28 Pa.Cmwlth. 51, 367 A.2d 370 (1976). Moreover, a preliminary injunction may only be issued when essential prerequisites of law are met. *Credit Alliance Corp. v. Philadelphia Minit-Man Car Wash Corporation*, 450 Pa. 367, 301 A.2d 816 (1973). Thus, prior to granting a preliminary injunction, the lower court must find: immediate and irreparable harm which could not be compensated by damages; that greater injury would result by refusing it than by granting it; that it would properly restore parties to their status as existing immediately prior to the alleged wrongful conduct; and that the activity sought to be restrained is actionable and that an injunction is reasonably suited to abate such activity. *New Castle Orthopedic Associates v. Burns*, 481 Pa. 460, 464, 392 A.2d 1383, 1385 (1978).

In its review of the Appellant's request for a preliminary injunction, the lower court relied upon fact set forth in the Complaint, as well as in two supporting documents attached to that Complaint. The attached documents included a letter from the Appellant to the Appellee dated April 11, 1980, setting forth the conditions of the Appellee's employment, which was to begin May 1, 1980. Included in that letter were several "conditions" of employment, and there-

after, a sentence stating: "At the beginning of your employment you will be asked to sign a confidentiality nondisclosure agreement." The second attachment to the Complaint was a nondisclosure agreement which was dated December 5, 1984, over four years after the inception of the Appellee's employment. The agreement provided that it was to be "retroactive to the date on which [the Appellee] commenced his employment."

In reviewing these matters, the lower court concluded that the agreement concerning nondisclosure was a restrictive covenant which was not ancillary to the initial employment of the Appellee. Moreover, the lower court noted that the Appellant had not asserted that the restrictive agreement was supported by any new consideration when it was eventually signed in 1984. Based upon such facts, the lower court determined that the agreement would not be enforceable, and that the Appellant's right to relief based thereon was questionable. Thus, the lower court determined that it would be inappropriate to issue a preliminary injunction because the Appellant was not likely to prevail in the case.

In urging that the lower court committed error in denying it a hearing on its preliminary injunction request, the Appellant contends that it was entitled to such relief based upon the Appellee's past relationship with it, without regard to the enforceability of the 1984 restrictive agreement. In support of that position, it points out its allegations that the Appellee served as a vice-president of Beck for four years, prior to going out to compete with Beck. The Appellant maintains that such a relationship obviated the necessity of having an express written contract in order to support a ruling that such an employee may not disclose information revealed to him in the course of his confidential employment relationship.

■ The Appellant cites cases, including *Boyd v. Cooper*, 269 Pa.Super. 594, 410 A.2d 860 (1979), as authority for its

position.[1] The holding in that case appears to be directly applicable here. The lower court in that case also failed to conduct a hearing to address the issue of the duty of a former officer not to adopt or use information obtained in confidence from his prior employment, to the detriment of his former employer, for his own benefit or profit. Moreover, the lower court in *Boyd v. Cooper*, like the lower court in the instant case, lacked a sufficient factual basis for determining whether or not the other prerequisites for injunctive relief were present. Based upon the authority of that case, we are constrained to conclude that the lower court erred in failing to hold a hearing on the Appellant's request for a preliminary injunction.

The Order of the lower court is vacated and this case is remanded for a hearing on the Appellant's injunction request. Jurisdiction is not retained.

---

1. On the duty of a former officer or person employed in a position of trust to not use confidential information, obtained in former employment, to the prejudice of or in competition with his former employer, see *Carl A. Colteryahn Dairy, Inc. v. Schneider Dairy, supra,* and cases cited in Judge Price's Concurring Opinion in *Boyd v. Cooper, supra.*