661 A.2d 409

**WPNT INC.**

v.

**SECRET COMMUNICATION INC. T/D/B/A WDVE FM
and Pittsburgh Brewing Company, Appellants.**

Superior Court of Pennsylvania.

Argued May 24, 1995.

Filed July 12, 1995.

270

Kathleen A. Gallagher, Pittsburgh, for appellants.

John G. Shorall, II, Pittsburgh, for appellee.

Before WIEAND, DEL SOLE and CERCONE, JJ.

CERCONE, Judge.

This is an appeal from an order of the lower court granting appellee a preliminary injunction without conducting a hearing. We vacate the lower court's order and remand the case for further proceedings.

On September 14, 1994, appellee WPNT, Inc. ("WPNT") filed a Complaint in Equity and a Petition for Injunctive Relief against appellant Secret Communication, Inc., t/d/b/a WDVE FM ("WDVE") claiming the right to exclusive use of the service mark "Boo 'n Brew." Appellee based the claim on its status as initial registrant under the Pennsylvania Trademark Act.[1] On September 27, 1994, appellant Pittsburgh Brewing Company ("PBC") claimed common law ownership of the mark and was granted leave to intervene. On that same date, the lower court, acting without a hearing, granted appellee a preliminary injunction and ordered appellee to post bond in the amount of $200,000.00. On September 30, 1994, appellants responded with an unsuccessful Motion to Dissolve Injunction and To Set a Date for Hearing, arguing that the lower court had improperly granted the preliminary injunction without a hearing. In this timely appeal, appellants continue to question whether the issuing court could properly award a preliminary injunction without conducting a hearing.

A trial court has broad discretion to grant or deny a preliminary injunction. *Bell Fuel Corp. v. Cattolico*, 375 Pa.Super. 238, 244, 544 A.2d 450, 453 (1988), *appeal denied,*

---

1. The Pennsylvania Trademark Act provides:
 Any owner of a mark registered under this chapter may proceed by suit to enjoin the manufacture, use, display or sale of any counterfeits or imitations thereof, and any court of competent jurisdiction may grant injunctions to restrain such manufacture, use, display or sale as may be by the court deemed just and reasonable....
 54 Pa.C.S.A. § 1125.

520 Pa. 612, 554 A.2d 505 (1989). When reviewing a trial court's grant or refusal of a preliminary injunction, an appellate court does not inquire into the merits of the controversy, but rather examines only the record to ascertain whether any apparently reasonable grounds existed for the action of the court below. *Temtex Products, Inc. v. Kramer,* 330 Pa.Super. 183, 197, 479 A.2d 500, 507 (1984) (quoting *Singzon v. Commonwealth Dept. of Public Welfare,* 496 Pa. 8, 10–11, 436 A.2d 125, 126–27 (1981)). We may reverse if the trial court's ruling amounted to an abuse of discretion or a misapplication of law. *Bell Fuel,* 375 Pa.Super. at 244, 544 A.2d at 453.

 A trial court may grant an injunction only if the plaintiff seeking that extraordinary remedy establishes a clear right to the requested relief. *Soja v. Factoryville Sportsmen's Club,* 361 Pa.Super. 473, 477, 522 A.2d 1129, 1131 (1987). Furthermore, the moving party must satisfy the following essential prerequisites: (1) that relief is necessary to thwart immediate and irreparable harm which could not be remedied by damages; (2) that greater injury will result by refusing the injunction than by granting it; (3) that the injunction will restore the parties to their status as existing prior to alleged wrongful conduct; and (4) that the injunction is reasonably suited to abate such activity. *Schaeffer v. Frey,* 403 Pa.Super. 560, 565, 589 A.2d 752, 755 (1991); *Bell Fuel,* 375 Pa.Super. at 245, 544 A.2d at 453.

 Pennsylvania Rule of Civil Procedure 1531(a) sets forth the procedure governing preliminary injunctions:

A court shall issue a preliminary or special injunction only after written notice and hearing unless it appears to the satisfaction of the court that immediate and irreparable injury will be sustained before notice can be given or a hearing held, in which case the court may issue a preliminary or special injunction without a hearing or without notice. In determining whether a preliminary or special injunction should be granted and whether notice or a hearing should be required, the court may act on the basis of the averments of the pleadings or petition and may consider

affidavits of parties or third persons or any other proof which the court may require.

Pa.R.C.P. 1531(a), 42 Pa.C.S.A. Accordingly, a court will ordinarily issue a preliminary injunction only after written notice and hearing. *Soja, supra,* 361 Pa.Super. at 478, 522 A.2d at 1131. A preliminary injunction may be granted without notice and a hearing only when there exists a need for unusual haste so that a clear right may be protected from immediate and irreparable injury. *Id.* at 478 n. 1, 522 A.2d at 1131 n. 1. In that event, the court must make a finding that relief is necessary and must be awarded before the defendant can be notified. *Id.* If the court then fails to conduct a hearing within five days, the injunction is deemed dissolved. *See* Pa.R.C.P. 1531(d), 42 Pa.C.S.A.

■ In the instant action, the lower court granted appellee's request for a preliminary injunction solely on the basis of the pleadings and arguments of counsel. The issuing court refused to conduct a hearing either before or after entering the decree. This court has acknowledged that there is no absolute right to a hearing on a preliminary injunction. *Bell Fuel,* 375 Pa.Super. at 248, 544 A.2d at 455; *Franklin Decorators, Inc. v. Hende–Jon Furniture Showrooms, Inc.,* 339 Pa.Super. 449, 489 A.2d 246 (1985). Nevertheless, "our rules and our case law clearly indicate that a hearing is the preferred procedure. It is the rare preliminary injunction that can correctly be denied without a hearing[2] and *no prelimi-*

2. In an action brought by an employer to enforce the terms of a restrictive covenant, the lower court relied solely on the complaint and its attachments and denied the preliminary injunction. *Beck Computing Services Inc. v. Anderson,* 362 Pa.Super. 505, 508–09, 524 A.2d 990, 992 (1987). Because the lower court failed to hold a hearing, it lacked a sufficient factual basis to determine whether or not the prerequisites for injunctive relief were present. *Id.* at 510, 524 A.2d at 992. *See also Bell Fuel Corp. v. Cattolico,* 375 Pa.Super. 238, 544 A.2d 450 (1988) (denial of preliminary injunction deemed error when lower court based its denial solely on the pleadings, affidavits and memoranda of law and discounted any testimony elicited at the hearing); *Boyd v. Cooper,* 269 Pa.Super. 594, 410 A.2d 860 (1979) (the lower court erred in denying a preliminary injunction without a hearing; an evidentiary hearing was necessary to assess whether petitioner could establish a clear right to

*nary injunction can be granted and continued without a hearing, whether before or after the initial grant."* Bell Fuel, 375 Pa.Super. at 249, 544 A.2d at 455 (emphasis added). *See also Pubusky v. D.M.F. Inc.,* 428 Pa. 461, 239 A.2d 335 (1968).

In *Pubusky, supra,* the trial court initiated a hearing on the requested preliminary injunction. Interrupting defendant's cross-examination of plaintiff and preventing defendant from presenting any evidence or testimony on his own behalf, the lower court discontinued the hearing and granted plaintiff a preliminary injunction. This state's Supreme Court vacated the decree and remanded the case for an evidentiary hearing after concluding that "[i]t is ... fundamental that all of the parties are entitled to a hearing before [a preliminary] injunction should issue." *Id.* at 463, 239 A.2d at 336–37. The court in *Pubusky* further noted that even when circumstances support the issuance of an *ex parte* injunction, a hearing is not excused, but merely delayed for a limited time. *Id.* at 463 n. 1, 239 A.2d at 337 n. 1. *See also Ogontz Controls Co. v. Pirkle,* 329 Pa.Super. 8, 13–14, 477 A.2d 876, 879 (1984), *appeal after remand,* 346 Pa.Super. 253, 499 A.2d 593 (1985) (although the trial court conducted a hearing within five days of issuing an *ex parte* injunction, it erred by continuing the preliminary injunction without allowing the objecting party to present evidence at the abbreviated hearing); *Rosenzweig v. Factor,* 457 Pa. 492, 327 A.2d 36 (1974) (preliminary injunction issued without notice or hearing was fatally defective when the record was devoid of any showing that immediate and irreparable injury would result from non-action).

In the case before us, the lower court correctly characterized the underlying issue: "[W]hether the first registrant of a particular mark, 'Boo 'n Brew' is entitled to preliminary injunctive relief against Defendants, barring their use of a virtually identical mark, 'Boo & Brew.'" Memorandum in Support of Order dated 9/27/94 at 1. The lower court granted the contested preliminary injunction after concluding that appellee's clear legal right to the relief sought obviated the

recovery, an imminent need for relief, irreparable injury, and the absence of an adequate remedy at law).

need for an evidentiary hearing: "[O]wnership of the registration, *without more*, required that the injunction issue forthwith upon posting of the appropriate bond." Trial court opinion dated 12/21/94 at 2. We disagree.

"[R]egistry of a trademark, in and of itself, gives no right to exclusive use. In addition to registration the initial registrant must prove the originality of the registered mark and that the mark is not deceptively similar to the mark used by another." *Conti v. Anthony's Shear Perfection,* 350 Pa.Super. 606, 610, 504 A.2d 1316, 1318 (1986) (citing *Stroehmann Bros. Co. v. Manbeck Baking Co.,* 331 Pa. 96, 99, 200 A. 97, 99 (1938)). Appellee claims initial registration of the mark. Appellants, however, contend that the use of the words "Boo 'n Brew" originated not with appellee but with appellant PBC. Because the originality of the mark is a contested factual issue and resolution of that issue is critical to each party's exclusivity claim, the lower court erred in concluding that appellee possessed a clear legal right to the relief requested. Moreover, the existence of an unequivocal legal right could not excuse the trial court's issuance of an injunction absent sufficient evidence of the remaining prerequisites to injunctive relief. *See e.g. Larson v. Pennsylvania Turnpike Commission,* 507 Pa. 471, 477–78 n. 7, 490 A.2d 827, 830 n. 7 (1985) (a plaintiff who seeks a preliminary injunction must show not only a clear legal right but also irreparable harm, a concept that almost always involves development of a factual record).

Based on the foregoing, we conclude that the lower court erred in granting appellee's request for a preliminary injunction without holding a hearing. Accordingly, we vacate the order of the court below and remand for proceedings consistent with this memorandum.

Order vacated; case is remanded to the lower court for a hearing on appellee's request for a preliminary injunction; jurisdiction relinquished.