J-A26011-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| AKATOR CONSTRUCTION, LLC, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LAGOM, LLC, | |
| Appellant | No. 1548 WDA 2015 |

Appeal from the Order Entered September 10, 2015
In the Court of Common Pleas of Allegheny County
Civil Division at No(s): GD-15-012694

BEFORE:  BENDER, P.J.E., RANSOM, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.:                 **FILED JANUARY 04, 2017**

Appellant, Lagom, LLC ("Lagom"), appeals from the trial court's September 10, 2015 order granting Appellee's, Akator Construction, LLC ("Akator"), petition for preliminary injunction.[1]  For the reasons stated herein, we vacate the trial court's order and remand the case for further proceedings.

The trial court has summarized the factual background and procedural history of this case as follows:

> Akator and Lagom are parties to a Joint Venture Agreement dated August 5, 2011, pursuant to which the parties agreed to acquire, rehabilitate and resell properties located in the City of Pittsburgh and surrounding areas.  The parties each hold a fifty (50%) percent interest in the Joint Venture[,] and

_____

[1] The trial court's order granting Akator's petition for preliminary injunction was dated September 9, 2015, and filed on September 10, 2015.

profits and losses are distributed in accordance with those percentage interests.

A dispute arose between the parties in early 2015 when alleged financial discrepancies were discovered within the financial records of the Joint Venture maintained by Akator and its accountants. In April[] 2015, Lagom entered into an agreement to sell one of the Joint Venture properties. Since the property was titled in Lagom's name only, the proceeds from the sale of the property were paid to Lagom. Despite requests by Akator, Lagom refused to pay Akator its share of the proceeds from the sale or to demonstrate [that] the funds were held in a bank account.

On or about July 23, 2015, Akator filed a Petition for Rule to Show Cause as to its Petition for Preliminary Injunction. Akator's petition seeks to have its share of the profits from the sale of the property (i.e., $185,000) placed into an escrow account not reachable by either party pending resolution of the disputes between Akator and Lagom in arbitration.

Lagom filed preliminary objections in opposition to Akator's Petition for Preliminary Injunction. The primary argument offered by Lagom was that this [c]ourt did not have the ability to grant the relief requested by Akator because the Joint Venture Agreement contained an arbitration provision.

During a hearing on Lagom's preliminary objections, the parties argued the issue of whether a set fund of money could be subject to injunctive relief in the form of an escrow given the parties' arbitration agreement. This [c]ourt, after hearing argument, denied Lagom's preliminary objections and ordered Lagom to pay $185,000 into an escrow account in the name of the Joint Venture requiring joint signatures for disbursement. This [c]ourt's Order was intended to preserve the status quo and to ensure the funds would not be dissipated while the parties go through the arbitration process.

Trial Court Opinion (TCO), 12/16/2015, at 1-2 (unnumbered pages).

Following the trial court's order granting Akator's petition for preliminary injunction, Lagom timely appealed. On appeal, Lagom raises four issues for our review:

1. In granting the preliminary injunction, did the trial court err in that the preliminary injunction was issued without notice when the status conference and the hearing on the injunction was scheduled for September 24, 2015 before a different judge?

2. Did the trial court err when it impropery [*sic*] issued a preliminary injunction without a hearing as required by Pa.R.C.P. 1531(d)?

3. Did the trial court err when it failed to require Akator to post a bond in accordance with Pa.R.C.P. 1531(b) when it granted the prepiminary [*sic*] injunction?

4. Was there a showing that immediate and irreparable injury would result to Akator if the injunction was not granted without a hearing?

Lagom's Brief at 4 (unnecessary capitalization and emphasis omitted).

In reviewing whether a preliminary injunction was properly granted, this Court has explained:

A trial court has broad discretion to grant or deny a preliminary injunction. When reviewing a trial court's grant or refusal of a preliminary injunction, an appellate court does not inquire into the merits of the controversy, but rather examines only the record to ascertain whether any apparently reasonable grounds existed for the action of the court below. We may reverse if the trial court's ruling amounted to an abuse of discretion or a misapplication of law.

A trial court may grant an injunction only if the plaintiff seeking that extraordinary remedy establishes a clear right to the requested relief. Furthermore, the moving party must satisfy the following essential prerequisites: (1) that relief is necessary to thwart immediate and irreparable harm which could not be remedied by damages; (2) that greater injury will result by refusing the injunction than by granting it; (3) that the injunction will restore the parties to their status as existing prior to alleged wrongful conduct; and (4) that the injunction is reasonably suited to abate such activity.

***WPNT Inc. v. Secret Communication Inc.***, 661 A.2d 409, 410 (Pa. Super. 1995) (internal citations omitted; emphasis added).

First, Lagom asserts that the trial court erred by issuing the preliminary injunction without providing it with written notice and a hearing.[2] Specifically, it contends that the trial court "improperly ruled on the preliminary injunction contrary to the order of court scheduling the matter for September 24, 2015[,] and failed to satisfy the procedural requirements and safeguards set forth in Pa.R.C.P. 1531[.]" Lagom's Brief at 18. We agree.

Pennsylvania Rule of Civil Procedure 1531 sets forth the following, in pertinent part:

    (a)    A court shall issue a preliminary or special injunction only after written notice and hearing unless it appears to the satisfaction of the court that immediate and irreparable injury will be sustained before notice can be given or a hearing held, in which case the court may issue a preliminary or special injunction without a hearing or without notice. In determining whether a preliminary or special injunction should be granted and whether notice or a hearing should be required, the court may act on the basis of the averments of the pleadings or petition and may consider affidavits of parties or third persons or any other proof which the court may require.

    (b)    Except when the plaintiff is the Commonwealth of Pennsylvania, a political subdivision or a department, board, commission, instrumentality or officer of the

---

[2] For ease of disposition, we address Lagom's first and second issues, stated *supra*, together. These issues pertain to the notice and hearing required by our Rules of Civil Procedure before a preliminary injunction can be issued and continued.

Commonwealth or of a political subdivision, a preliminary or special injunction shall be granted only if

(1) the plaintiff files a bond in an amount fixed and with security approved by the court, naming the Commonwealth as obligee, conditioned that if the injunction is dissolved because improperly granted or for failure to hold a hearing, the plaintiff shall pay to any person injured all damages sustained by reason of granting the injunction and all legally taxable costs and fees, or

(2) the plaintiff deposits with the prothonotary legal tender of the United States in an amount fixed by the court to be held by the prothonotary upon the same condition as provided for the injunction bond.

\*\*\*

(d) An injunction granted without notice to the defendant shall be deemed dissolved unless a hearing on the continuance of the injunction is held within five days after the granting of the injunction or within such other time as the parties may agree or as the court upon cause shown shall direct.

Pa.R.C.P. 1531 (internal notes omitted).

Based on this Rule, our Court has explained:

[A] court will ordinarily issue a preliminary injunction **only after** written notice and hearing. A preliminary injunction may be granted without notice and a hearing **only** when there exists a need for unusual haste so that a clear right may be protected from immediate and irreparable injury. In that event, the court must make a finding that relief is necessary and must be awarded before the defendant can be notified. If the court then fails to conduct a hearing within five days, the injunction is deemed dissolved.

**WPNT Inc.**, 661 A.2d at 410-11 (citations omitted; emphasis added).

In **WPNT Inc.**, the trial court "granted [the] appellee's request for a preliminary injunction solely on the basis of the pleadings and arguments of counsel. The issuing court refused to conduct a hearing either before or

after entering the decree." *Id.* at 411. On appeal, this Court explained that, although there is "no absolute right" to a hearing, "our rules and our case law clearly indicate that a hearing is the preferred procedure. It is the rare preliminary injunction that can correctly be denied without a hearing and **no preliminary injunction can be granted and continued without a hearing, whether before or after the initial grant.**" *Id.* (citations, quotations, and footnote omitted; emphasis in original). Our review of relevant case law reveals that the weight of authority supports the position that a hearing should take place in order to establish the factual basis for the preliminary injunction.[3]

_____

[3] *See, e.g.*, *Pubusky v. D.M.F. Inc.*, 239 A.2d 335, 336-37 (Pa. 1968) ("We frequently have said that a preliminary injunction should not issue at least until the rights of the plaintiff are clearly established. It also is fundamental that all of the parties are entitled to a hearing before such an injunction should issue.") (citations and footnote omitted); *Bell Fuel Corporation v. Cattolico*, 544 A.2d 450, 455 (Pa. Super. 1988) ("There are numerous cases where the trial court has utilized a procedure …, cutting short a previously scheduled hearing on a preliminary injunction and refusing the injunction as a matter of law, where our appellate courts have found the decision to be premature and have reversed and remanded for a full evidentiary hearing."); *Beck Computing Services Inc. v. Anderson*, 524 A.2d 990, 992 (Pa. Super. 1987) (determining that the trial court "erred in failing to hold a hearing on the [a]ppellant's request for a preliminary injunction" and that it "lacked a sufficient factual basis for determining whether or not the other prerequisites for injunctive relief were present"); *Boyd v. Cooper*, 410 A.2d 860, 862 (Pa. Super. 1979) ("Thus we conclude that the trial judge erred in not completing its scheduled hearing on [the] appellants' request for the purpose of developing a factual basis for the requested relief."). *But see Walter v. Stacy*, 837 A.2d 1205, 1210 (Pa. Super. 2003) ("A hearing simply is not required under the law. We are satisfied that the trial court's reliance on the pleadings and the arguments of counsel was sufficient to support its determination in this case.").

Further, our Supreme Court has clarified what constitutes a sufficient preliminary injunction hearing: "While the testimony at a hearing for a preliminary injunction which seeks only to preserve the status of the parties until the issue is finally determined need not always be as extensive as that at a final hearing, *the litigants should not be deprived of their right to fully cross-examine all adverse witnesses, nor of the opportunity to present testimony which is relevant to the question of whether or not the injunction should issue*." *Pubusky*, 239 A.2d at 337 (emphasis added). *See also Ogontz Controls Company v. Pirkle,* 477 A.2d 876, 879 (Pa. Super. 1984) (acknowledging that "the hearing on the preliminary injunction motion must be one at which *both* parties are given the opportunity to fully cross-examine witnesses and present relevant testimony") (emphasis in original). We have also stated that "[t]he question to be determined at this hearing is whether there is an urgent necessity for interim relief before the case can be heard on the merits." *Soja v. Factoryville Sportsmen's Club*, 522 A.2d 1129, 1131 (Pa. Super. 1987) (citation omitted).

Here, Lagom argues that it was not afforded written notice and a hearing, as required by Pa.R.C.P. 1531. In short, Lagom avers that "[t]he parties walked in for a preliminary objections argument and – unbeknownst to them – walked out with a preliminary injunction." Lagom's Brief at 21. It states:

> [] Akator filed its Petition for Rule to Show Cause and its Petition for a Preliminary Injunction on July 23, 2015. It also

gave notice indicating that it would appear in Motions Court on August 3, 2015, to seek the Rule to Show Cause why the preliminary injunction should not be issued. On August 3rd, the parties entered into a consent order of court, whereby it scheduled deadlines for pleadings and briefs, a date for argument on the preliminary objections, in addition to scheduling a status-conference before the preliminary injunction [], and then ultimately, the hearing date on the preliminary injunction request itself.

September 9th was the scheduled day for argument on the preliminary objections. Both parties appeared and presented their positions *solely on the preliminary objections.* The record does not support any finding that arguments were made and evidence [was] presented on the issue of the preliminary injunction. Judge Marmo did not issue a ruling from the bench[;] thus[,] the parties had to wait to receive a court order in the mail. In spite of the court order scheduling a status conference and then the hearing on the preliminary injunction, Judge Marmo – on the same day – entered the equivalent to an *ex parte* preliminary injunction against Lagom. This order neither required Akator to post a bond nor scheduled a date for a hearing on the continuance of the injunction.

Lagom submits that the arguments on the preliminary objections did not meet any criteria for that of a "hearing" ….

*Id.* at 18-19 (emphasis in original).[4]

Indeed, the consent order of court, entered on August 3, 2015, sets

forth the following schedule:

AND NOW, to-wit, this 3rd day of August, 2015, it appearing that a hearing has been set in the captioned matter regarding a Petition for Injunctive Relief on 9-24-15 at 1:45 p.m., in order to wisely use the scarce time available, it is hereby ORDERED as follows:

- Preliminary Objections to be filed by August 14, 2015[;]

---

[4] We cannot present Akator's recitation of these events as it did not file a brief.

- Response to Preliminary Objections to be filed by August 19, 2015[;]

- Hearing on Preliminary Objections to be held on September 9, 2015 at 10:45 [a.m.].

- Petitioner's brief on the applicable law must be filed with the Motions Clerk within one week of the date hereof, i.e., 9-14-2015.

- Respondent's brief on the applicable law must be filed with the Motions Clerk no later than one week before the hearing date indicated above, i.e. 9-22-15.

- Petitioner must draft proposed stipulations of those material facts or evidentiary matters which Movant believes are not disputed by Respondent and deliver them to Respondent no later than one week before the aforesaid hearing date. The proposed stipulations are not to be filed with the [c]ourt.

- The Respondent may submit additional proposed stipulations, if any, to the Petitioner no later than three working days before the hearing date. Again, these proposed stipulations are not to be filed with the [c]ourt.

The attorneys for the parties shall meet with the Motions Judge then sitting, on 9-24-15 at 11:15 [a.m.], for a brief Status Conference to discuss possibilities of settlement, evidentiary stipulations, scope of the hearing, allocation of available hearing time among the parties, and other such matters. Clients need not be present. No testimony will be taken on the day of the Status Conference.

Trial Court Order, 8/3/2015.[5] Accordingly, our review of the record does not

uncover written notice that the hearing on the preliminary injunction would

_____

[5] The trial judge that presided over the September 9, 2015 hearing on the preliminary objections also entered this scheduling order.

occur on September 9, 2015; instead, that hearing was explicitly scheduled to take place on September 24, 2015.[6]

Moreover, we are compelled to also conclude that Lagom was similarly deprived of a proper hearing on the preliminary injunction. By granting Akator's petition for preliminary injunction during the September 9, 2015 argument, the trial court explained that "it was readily apparent [that] the only real issue in dispute was whether this [c]ourt could issue a preliminary injunction to preserve the status quo considering the arbitration provisions of the Joint Venture Agreement." TCO at 3. It reasoned that "[s]ince this [c]ourt concluded it was within its powers to issue the injunction, and the parties were afforded ample opportunity to argue their positions, which they willingly did at the September 9, 2015 hearing, there was no need for an additional hearing on the matter." *Id.* at 4.

Lagom, on the other hand, insists that "[n]o testimony was taken nor was any evidence presented. There was no argument on the preliminary

_____

[6] In response to Lagom's claim that it did not have notice, the trial court explains that "it was clear to both parties that a hearing would be held on September 9, 2015[,] and both parties appeared with counsel on such date. Also, Lagom had long known that an injunction hearing would occur since Akator filed its preliminary injunction petition on July 23, 2015." TCO at 3. We note that such circumstances have not established sufficient notice in other cases. **See Rosenzweig v. Factor**, 327 A.2d 36, 37 (Pa. 1974) (determining that preliminary injunction was issued without notice even though a complaint had been filed seeking injunction months earlier); **In re D.G., Jr.**, 894 A.2d 1290, 1291 (Pa. Super. 2006) (vacating provision that was added to an order during a post-hearing discussion without a party and his counsel present).

injunction. Lagom was arguing preliminary objections challenging the sufficiency of Akator's pleadings." Lagom's Brief at 13. It further contends that "[a]rguments on preliminary objections cannot be treated as a hearing for a preliminary injunction[,]" and "[t]he practical effect of this would require that any party should be prepared to bring witnesses and any other evidence to any court proceeding on the chance that the [j]udge might decide the 'real issue in dispute.'"[7] *Id.* at 16-17.

Usually in cases where there are such discrepancies about what transpired at a hearing, we would look to the relevant transcript to ascertain exactly what occurred. However, no transcript of the September 9, 2015

---

[7] Lagom does not specifically identify the evidence or testimony it planned to proffer at the preliminary injunction hearing, but instead argues that Akator's petition for a preliminary injunction — on which the trial court relied in granting the requested relief — "did not indicate how it calculated the $185,000 which it believed it was entitled. This petition did not include any discussion of the expenditures of the [Joint Venture], which are required under the [Joint Venture] for determining whether there were profits or losses. Lastly, this petition did not plead that Lagom was going to be insolvent or judgment proof." Lagom's Brief at 7; *see also* TCO at 4. Lagom further asserts that Akator did not file its Rule to Show Cause and Petition for Preliminary Injunction until "approximately eleven (11) months after the complained of conduct occurred[,]" which suggests that Akator would not have faced immediate and irreparable injury if the preliminary injunction had not been granted. *See* Lagom's Brief at 9. Presumably, these factual issues would have been addressed and determined at the preliminary injunction hearing. We also note, pursuant to the scheduling order cited *supra,* that the parties had not yet submitted briefs on the applicable law surrounding preliminary injunctions. *See* Trial Court Order, 8/3/2015.

hearing exists.[8]   Given the rules and case law cited *supra*, the differing accounts of the arguments made at the September 9, 2015 hearing, and the lack of transcript from that proceeding, we are constrained to vacate the trial court's order and remand this matter for the trial court to conduct a hearing regarding the preliminary injunction.

Second, Lagom argues that "the trial court erred when it failed to require Akator to post a bond in accordance with Pa.R.C.P. 1531(b) when it granted the preliminary injunction."   Lagom's Brief at 22 (unnecessary emphasis and capitalization omitted).   Again, we agree.   The trial court **must** require the posting of a bond.   This Court has determined that "[before a preliminary injunction may be granted, **the plaintiff must file a bond with the prothonotary**.  **This requirement is mandatory and an appellate court must invalidate a preliminary injunction if a bond is not filed by the plaintiff**."   **Soja**, 522 A.2d at 1131 (citations omitted; emphasis added).   To be sure, "even if the trial court's order was otherwise proper, its failure to require the posting of a bond would mandate our reversal of its decision."   **Id.   See also Mamula v. United Steelworkers**

---

[8] Lagom asserts that it "ordered a transcript pursuant to Pa.R.A.P. 1922(a) together with the deposit, but was informed by the Court Reporter that she was not present for the preliminary objections argument, so the proceeding was not recorded and obviously there is nothing to be transcribed."   Lagom's Brief at 15 n.1.   In an abundance of caution, our Court's Prothonotary's office contacted the Allegheny County Court of Clerks and verified that there was no record made of the September 9, 2015 argument.

*of America*, 185 A.2d 595, 597 (Pa. Super. 1962) ("The injunction … was issued without the filing of a bond and hence was a nullity.  No power resided in the court below to issue an injunction where the party applying for it had not filed an appropriate bond.").

In the case *sub judice*, the trial court reasoned that no bond was necessary because "[t]he funds will be held in escrow pending resolution of the dispute and then released to the appropriate party and, thus, the bond would serve no purpose in this case.  With the Order restricting the release of the escrow, Lagom has a similar security that a bond would provide."[9] TCO at 6.  This Court, however, has previously rejected this rationale.[10]

---

[9] We have explained that "[t]he requirement of a bond exists for the specific purpose of protecting a defendant by supplying a fund to pay damages if this relief is granted erroneously."  ***Goodies Olde Fashion Fudge Co. v. Kuiros***, 597 A.2d 141, 144 (Pa. Super. 1991).  It is unclear to this Court how ***Lagom is afforded protection*** by being required to deposit $185,000 into an escrow account.

[10] In ***Walter***, after a plaintiff filed a civil action against the defendants, she sought a preliminary injunction against them, requesting that "any proceedings from the sale of [the defendants'] property were to be deposited into an escrow account from which the [defendants] could not make a withdrawal without a court order."  ***Walter***, 837 A.2d at 1207. Upon granting the requested preliminary injunction, the trial court chose not to require a bond, but instead added a provision to its order granting the injunction that stated "IF the defendants prevail …, the [p]laintiff is ORDERED to pay to the [d]efendants the court filing fee and reasonable attorney fee associated with the [d]efendants' request for a [c]ourt [o]rder authorizing release of the house proceeds.... Otherwise, [the d]efendant[s'] request for [the p]laintiff to post a bond …  is hereby DENIED."  ***Id.*** at 1208. On appeal, this Court determined that it had "no choice but to vacate the order of the trial court due to its failure to require a bond."  ***Id.***  In doing so, it noted that "[a]lthough the trial court attempted to fashion an alternative
*(Footnote Continued Next Page)*

Accordingly, we must vacate the trial court's order on this basis as well.[11]

Order vacated. Remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/4/2017

---

*(Footnote Continued)*

to [Pa.R.C.P.] 1531(b), the law does not allow the trial court to act in this manner." ***Id. See also Rosenzweig***, 327 A.2d at 38 (concluding that injunction ordering the defendant to place disputed funds into an escrow account was "defective and subject to being vacated" because it was issued without the requisite bond being filed by the plaintiff) (citation omitted).

[11] Because we dispose of this matter on the above-stated grounds, we need not determine the remaining issue raised by Lagom in its brief.