J-S63033-19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| SHARAE ELIZABETH RUSSELL, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| SYREETA JOHNSON, | : | |
| | : | |
| Appellant | : | No. 880 EDA 2019 |

Appeal from the Order Entered February 12, 2019
in the Court of Common Pleas of Philadelphia County
Civil Division at No(s): September Term, 2018, No. 18-09-03706

BEFORE:   GANTMAN, P.J.E., MURRAY, J. and STRASSBURGER, J.[*]

MEMORANDUM BY STRASSBURGER, J.:          **FILED JANUARY 15, 2020**

Syreeta Johnson (Tenant) appeals from the order entered on February 12, 2019, which granted her petition to release money from escrow and ordered her to vacate the property owned by Sharae Elizabeth Russell (Landlord).  Upon review, we vacate the order of the trial court and remand for proceedings consistent with this memorandum.

We provide the following background.  On September 28, 2018, the Philadelphia Municipal Court entered judgment in favor of Landlord and against Tenant for possession of the residential property at issue, based upon termination of the lease term.  No monetary damages were awarded.  On the same day, Tenant *pro se* filed an appeal to the Court of Common

_____

[*] Retired Senior Judge assigned to the Superior Court.

Pleas of Philadelphia County. Tenant was required to pay $825 per month as a *supersedeas*.[1] Also on September 28, 2018, Tenant ruled Landlord to file a complaint.[2]

On October 9, 2018, Landlord filed a complaint. In the complaint, Landlord claimed that Tenant did not return a copy of the lease to Landlord until the hearing in the Philadelphia Municipal Court on September 28, 2018. Landlord claimed that Tenant "doctored" the term of the lease.[3] Complaint, 10/9/2018, at ¶ 4. Landlord claimed that despite the Municipal Court judgment granting Landlord immediate possession, Tenant has "refused to deliver possession" of the residential property to Landlord. *Id*. at ¶ 6. Thus, Landlord requested possession.

On October 22, 2018, counsel entered an appearance on behalf of Tenant. Counsel requested a jury trial, and filed preliminary objections to the complaint. According to Tenant, the complaint was deficient because Landlord failed to attach a copy of the lease, no verification was attached to

---

[1] Tenant paid this amount in a timely fashion each time it was due throughout the course of this litigation.

[2] Landlord claims she did not learn of this appeal until she appeared at the court clerk to file a petition for a writ of possession. Complaint, 10/9/2018, at ¶ 6.

[3] According to Landlord, she provided Tenant a copy of the lease, and the two had a verbal agreement for a month-to-month lease. When the lease was returned to Landlord at the Municipal Court hearing, Tenant had written a term of six months into the lease. Amended Complaint, 11/21/2018, at ¶ 4.

the complaint, and the complaint otherwise failed to state a claim. On November 16, 2018, the trial court sustained the preliminary objections and dismissed the complaint without prejudice.

On November 21, 2018, Landlord filed an amended complaint. According to Landlord, she provided a written lease to Tenant, but the lease term was a verbal agreement and "was month to month because [Tenant] claimed to be moving to Delaware in August 2018 and only needed housing [in this property] for a few months." Amended Complaint, 11/21/2018, at ¶ 4. Landlord attached to the amended complaint a lease, on which she claimed Tenant "doctored" the term of the lease to make it six months. *Id.*; *see also id.* at Exhibit A. According to Landlord, Tenant failed to pay utilities as required, changed the locks in violation of the lease, and also made reports to the Department of Licenses and Inspections regarding concerns about the property.

A settlement conference occurred, at which no resolution was reached. On November 26, 2018, Tenant filed a motion for extraordinary relief. She requested additional time to file an answer and counterclaim so that she could obtain documentation regarding alleged violations on the property. Landlord opposed this motion. On December 3, 2018, the trial court granted the additional time requested by Tenant, and set jury selection in this case for April 8, 2019.

On January 8, 2019, Tenant filed preliminary objections to the amended complaint, claiming that Landlord's amended complaint was deficient because it asked for monetary damages in a case where Landlord was only seeking possession. Also on January 8, 2019, Tenant filed an emergency motion seeking to release her money from escrow. On January 10, 2019, the trial court issued a rule to show cause why the relief requested by Tenant should not be granted. A hearing was scheduled for February 11, 2019. Meanwhile, on February 1, 2019, the trial court sustained Tenant's preliminary objections and again dismissed the amended complaint without prejudice. The order provided Landlord twenty days to amend the complaint. Order, 2/1/2019.

A hearing was held on the rule to show cause on February 11, 2019. At that hearing, Tenant, through counsel, claimed that she "desperately wants to get out" of the property, but she needed her escrow money back in order to move.[4] N.T., 2/11/2019, at 5. According to Tenant, she has a "serious counterclaim," but she has not yet filed it because the trial court dismissed the amended complaint and no second amended complaint has been filed. *Id*. However, according to Tenant, on February 10, 2019, she "filed an affirmative case against [Landlord] for illegal lockout, violation of lead law, and the Unfair Trade Practices Act." *Id*.

---

[4] Tenant did not pay a security deposit or the last month's rent when she rented the property.

- 4 -

According to Landlord, she called "the state" on Tenant because Tenant "was running an illegal daycare." *Id*. at 6. Landlord also claimed she never locked Tenant out of the property. The trial court pointed out that these living arrangements are "not working out." *Id*. at 9. Landlord agreed and stated that she had asked Tenant what it would take for her to leave the property. *Id*. The trial court provided the "solution." *Id*. The trial court told the parties it would give Tenant her escrow money and then Tenant would move out.[5]

Tenant then argued to the trial court that the issue of escrow money is separate from the possession issue, and despite the fact that Tenant "wants to move out of there more than anybody," she wants to pursue her own claims against Landlord. *Id*. at 13. The trial court then asked Tenant for a "drop-dead date" for Tenant to move because it did not believe that once Tenant received the escrow money, she would actually move, despite the fact that Tenant was also claiming the property was unfit and she did not want to live there. *Id*. at 14. Tenant then asked for the escrow money plus additional money to move out. *Id*. at 16. Once Tenant recognized that the trial court was going to give Tenant the escrow money, but also order Tenant to move out, Tenant requested that she have until March 1, 2019, to move. The trial court entered an order to that effect. In addition, Tenant

---

[5] According to Tenant, she offered that solution previously, and Landlord refused. N.T., 2/11/2019, at 12.

requested that the order "specifically state that there is no prejudice to [Tenant] filing affirmative claims against [Landlord] in a separate action." *Id*. at 19. The trial court agreed and added such language to the order, which was entered on February 12, 2019.

Tenant timely filed a notice of appeal, and both Tenant and the trial court complied with Pa.R.A.P. 1925. On appeal, Tenant sets forth several issues for our review, but her primary concern is her claim that the trial court "exceeded its authority when … [it] *sua sponte* ordered [Tenant] to evacuate the property." Tenant's Brief at 10.

Before we reach the merits of this appeal, we must determine whether the order appealed from is an appealable order, as that impacts our jurisdiction. We may consider issues related to our jurisdiction *sua sponte*. **See Commonwealth v. Parker**, 173 A.3d 294, 296 (Pa. Super. 2017).

Tenant claims that the order appealed from is a final order pursuant to Pa.R.A.P. 341. **See** Tenant's Brief at 1. "Rule 341 is fundamental to the exercise of jurisdiction by this [C]ourt." **Prelude, Inc. v. Jorcyk**, 695 A.2d 422, 424 (Pa. Super. 1997) (*en banc*). **See also** 42 Pa.C.S. § 742 ("The Superior Court shall have exclusive appellate jurisdiction of all appeals from final orders of the courts of common pleas…."). "Generally, [a]n appeal may be taken only from a final order, unless otherwise permitted by rule or statute. A final order is one that disposes of all the parties and all the claims, is expressly defined as a final order by statute, or is entered as a

final order pursuant to the trial court's determination." ***K.M.G. v. H.M.W.***, 171 A.3d 839, 842 (Pa. Super. 2017) (internal citations and quotation marks omitted).

Instantly, the trial court did not make a determination that this was a final order, and there is no statute defining it as a final order; so, this order is only appealable pursuant to Pa.R.A.P. 341 if it disposes of all claims and all parties. Although Tenant points out that there is no pending complaint in this case, ***see*** Tenant's Brief at 13, the amended complaint was dismissed **without** prejudice. "By granting a party leave to amend, the trial court has not finally disposed of the parties or their claims. For finality to occur, the trial court must dismiss with prejudice the complaint in full." ***Mier v. Stewart***, 683 A.2d 930 (Pa. Super. 1996). In other words, Landlord may still file a second amended complaint, and Tenant may file counterclaims to that complaint.[6] Thus, the order appealed from is not a final order pursuant to Pa.R.A.P. 341.

---

[6] We recognize that the trial court provided Landlord 20 days to file a second amended complaint, and that 20-day-period has long since passed. However, the fact that Landlord has not yet filed an amended complaint does not render the order dismissing the complaint and permitting leave to amend a final order. As set forth by Judge R. Stanton Wettick, it is up to Tenant to request the trial court "enter a judgment of *non pros* for failure to prosecute" "[u]pon expiration of the 20 day period." ***Malone v. Smith***, 18 Pa. D.& C. 3d 682 (Allegh. Co. 1981); ***see also Hionis v. Concord Twp.***, 973 A.2d 1030, 1035 (Pa. Cmwlth. 2009) ("There is precedent to support the trial court's proposition that its order could not become final until a procedural step is taken, such as receiving a judgment of *non pros*.").

Our analysis does not end here. We now consider an alternate basis upon which this Court may exercise jurisdiction. Pennsylvania Rule of Appellate Procedure 311(a)(4) provides for the right to appeal interlocutory orders which grant or deny injunctions. Pa.R.A.P. 311(a)(4).[7] Arguably, the portion of the trial court's order which ordered that Tenant vacate the property was a grant of injunctive relief in favor of Landlord. In **Overland Enterprises, Inc., v. Gladstone Partners, LP**, 950 A.2d 1015, 1019 (Pa. Super. 2008) (emphasis in original), this Court pointed out that "[i]nasmuch as possession of the former leasehold had passed to [the landlord] as a result of the eviction process, the present injunction constitutes a *mandatory* preliminary injunction in that it requires [the landlord] to surrender its possession of the former leasehold to [the former tenant] for its business use." Similarly, in this case, the trial court ordered Tenant to surrender possession of the property to Landlord. Thus, we conclude that the order is appealable pursuant to Pa.R.A.P. 311(a)(4) as a preliminary injunction.

---

[7] Tenant has neither sought nor been granted permission for an interlocutory appeal pursuant to Pa.R.A.P. 312; and this order does not satisfy the requirements for being a collateral order pursuant to Pa.R.A.P. 313(b) ("A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost."). The central issue in this order is possession of the property, which is the main issue in the case.

We now turn to the merits of this appeal.[8] On appeal, Tenant sets forth numerous specific arguments, but all can be boiled down to her contention that the trial court was without the authority to order that she vacate the property. **See** Tenant's Brief at 10 (arguing the trial court "exceeded its authority when … [it] *sua sponte* ordered [Tenant] to evacuate the property"). According to Tenant, she was denied various rights by the trial court, including notice that the hearing on her rule to show cause could result in eviction. **Id**. at 17.

> A trial court has broad discretion to grant or deny a preliminary injunction. When reviewing a trial court's grant[ing] or refusal of a preliminary injunction, an appellate court does not inquire into the merits of the controversy, but rather examines only the record to ascertain whether any apparently reasonable grounds existed for the action of the court below. We may reverse if the trial court's ruling amounted to an abuse of discretion or a misapplication of law.
>
> ***
>
> Pennsylvania Rule of Civil Procedure 1531(a) sets forth the procedure governing preliminary injunctions:
>
>> A court shall issue a preliminary or special injunction only after written notice and hearing unless it appears to the satisfaction of the court that immediate and irreparable injury will be sustained before notice can be given or a hearing held, in which case the court may issue a preliminary or special injunction without a hearing or without notice. In determining whether a preliminary or special injunction should be granted and whether notice or a hearing should be required, the court may act on the basis of the averments of the pleadings or petition and may consider affidavits of

---

[8] Landlord did not file a brief on appeal.

> parties or third persons or any other proof which the court may require.
>
> Pa.R.C.P. 1531(a)[.] Accordingly, a court will ordinarily issue a preliminary injunction only after written notice and hearing. A preliminary injunction may be granted without notice and a hearing only when there exists a need for unusual haste so that a clear right may be protected from immediate and irreparable injury. In that event, the court must make a finding that relief is necessary and must be awarded before the defendant can be notified. If the court then fails to conduct a hearing within five days, the injunction is deemed dissolved.

**WPNT Inc. v. Secret Commc'n Inc.**, 661 A.2d 409, 410-11 (Pa. Super. 1995) (internal citations omitted).

Here, while both parties appeared at the hearing on the rule to show cause regarding the release of the escrow money, neither party had notice that the trial court was going to consider the issue of possession. Moreover, neither Landlord nor Tenant testified at the hearing.[9] Only argument from Tenant's attorney and Landlord, because of her *pro se* status, was considered. In **WPNT**, this Court held that it was reversible error for the trial court to grant a "preliminary injunction solely on the basis of the pleadings and arguments of counsel." **Id**. at 411. We reach the same conclusion here. We recognize the trial court was attempting to reach a fair result, and offer a resolution that would be best under these circumstances. However, our rules simply do not authorize the trial court *sua sponte* to

---

[9] The trial court posits that "[o]n February 11, 2019, the [trial court] heard full testimony from [Tenant] and [Landlord]." Trial Court Opinion, 6/20/2019, at 6. However, the notes of testimony belie that conclusion. **See** N.T., 2/11/2019.

- 10 -

grant a preliminary injunction without a hearing. To do so amounts to an abuse of discretion by the trial court, which requires us to vacate the order of the trial court.[10]

Order vacated. Case remanded. Jurisdiction relinquished.

PJE Gantman concurs in the result.

Judge Murray concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/15/20

---

[10] On remand, the trial court may want to consider whether the issue of possession is moot. "This Court has observed, [a]n issue before a court is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect." *Lico, Inc. v. Dougal*, 216 A.3d 1129, 1133 (Pa. Super. 2019) (internal quotation marks omitted). "[C]ases presenting mootness problems involve litigants who clearly had standing to sue at the outset of the litigation. The problems arise from events occurring after the lawsuit has gotten under way - changes in the facts or in the law - which allegedly deprive the litigant of the necessary stake in the outcome…." *Graziano Const. Co. v. Lee*, 444 A.2d 1190, 1193 (Pa. Super. 1982). If Tenant has vacated the property, the issue regarding injunctive relief may be moot.